Jules L. REBELLE, III

v.

UNITED STATES of America.

AMERICAN BANK & TRUST COMPANY BATON ROUGE, LOUISIANA

v.

UNITED STATES of America.

Civ. A. Nos. 80–321–B, 80–320–B.

United States District Court, M.D. Louisiana.

June 19, 1984.

E. Barton Conradi, Asst. U.S. Atty., Baton Rouge, La., Steven Gremminger, Jean E. Kilpatrick, Tax Div., Dept. of Justice, Washington, D.C., for United States.

Barry Waguespack, John L. Dardenne, Jr. T/A, Kennon, White & Odom, Baton Rouge, La., for George A. Robertson, Jr. & G.W. Miller.

POLOZOLA, District Judge.

This matter is before the Court on motion of the plaintiffs and cross-claim defendants, American Bank and Trust Company (American) and Jules L. Rebelle, III (Rebelle), to dismiss for failure to state a claim upon which relief can be granted. No oral argument is required on this motion.

These consolidated actions were filed by American and Rebelle seeking tax refunds of $400. Each plaintiff paid $400 under protest in partial satisfaction of an assessment made by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 6672, which provides in pertinent part:

(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax ... or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Persons assessed pursuant to this statute are referred to as "responsible persons." In this case, the assessment was based upon an alleged relationship between the plaintiffs and Floyd Electric Company, Inc. (Floyd), which corporation is named as a third-party defendant in this suit. The United States contends that the plaintiffs loaned funds to Floyd with the knowledge that Floyd was paying wages to its employees at a time when it could not meet its withholding tax requirements. The Government alleges that the plaintiffs herein were "responsible persons" in Floyd, and assessed against them the penalties provided for in section 6672. The plaintiffs paid a portion of the penalty, under protest, and filed this claim for a refund. The United States counterclaimed, and brought third-party demands against Guy W. Miller (Miller) and George A. Robertson, Jr. (Robertson) for the same taxes on the alleged ground that these individuals were also responsible officers of the corporation. Miller and Robertson were the alleged owners of Floyd. American and Rebelle have filed cross-claims against Miller and Robertson for these taxes should they, the plaintiffs, be held liable for them. Miller and Robertson have filed cross-claims and counterclaims against American and Rebelle in the event that they are held liable for the taxes at issue.[1]

---

1. On April 19, 1984, the Court approved the following Stipulation of Dismissal as to certain claims in the case:

"Plaintiffs American Bank and Trust Company and Jules L. Rebelle, III, the defendant United States of America, stipulate and agree as follows:

1. American Bank and Trust Company hereby dismisses its complaint against the United States in this matter, with prejudice;

2. Jules L. Rebelle, III, hereby dismisses its complaint against the United States in this matter, with prejudice;

3. The United States of America dismisses its counterclaims asserted pursuant to 26 U.S.C. § 6672 against plaintiffs American Bank and Trust Company and Jules L. Rebelle, III, with prejudice;

4. The United States of America dismisses its counterclaim asserted pursuant to 26 U.S.C. § 3505(b) against plaintiff American Bank and Trust Company, with prejudice;

5. The parties to this stipulation agree to each bear their respective costs, including any possible attorneys' fees or other expenses of litigation as against each other;

6. Nothing in this stipulation shall be construed as a waiver by the parties to this stipulation to any conceivable claim or defense which they may have against any other party, and by this stipulation the United States expressly does not waive any claim which it may have against George A. Robertson, Jr., or Guy W. Miller."

Thus, the only claims now pending are the government's third party claim against Robertson and Miller and Miller's and Robertson's

It is the cross-claims of Miller and Robertson which are the subject of this motion. The plaintiffs contend that even if Miller and Robertson are found to be responsible, and thus liable for the entire penalty, they could not seek contribution or indemnity from any other responsible person, including American or Rebelle in the event that either American or Rebelle were found to be responsible persons also. The plaintiffs argue that one made to pay the penalty under section 6672 may not seek or obtain contribution or indemnity, and thus the cross-claims of Miller and Robertson must be dismissed for failure to state a claim upon which relief can be granted. The Court agrees with plaintiffs' contentions.

■ The general rule is that, in the absence of specific statutory authority, there exists no federal common law right of contribution. *Halcyon Lines v. Haenn Ship Ceiling and Refitting Corp.*, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952).[2] The question for this Court, then, is whether a statutory right to contribution under section 6672 has been sanctioned by Congress.

The majority of the courts which have considered this question have concluded that no such right exists. This Court agrees with the majority. The seminal case on this question is *DiBenedetto v. United States*, 35 AFTR 2d 75–1502, 75–1 USTC ¶ 9503 (D.R.I.1974).[3] In *DiBenedetto*, the court concluded that no such statutory right to contribution existed, and articulated several policy reasons which supported this conclusion. First, in addition to any taxes which might be owed, section 6672 provides that the penalty for nonpayment of such taxes is 100% of the taxes owed. The penal nature of this statute would be reduced, if not entirely defeated,

by allowing a person found to be a "responsible person" to share the burden or cost of this assessment. Another reason given by the court was that the penalty is only assessed for the *willful* failure to collect or truthfully account for these taxes, which suggests a higher degree of culpability than the person whose act was merely accidental or inadvertent. As the court noted in *DiBenedetto*, courts have been loath to extend a right of contribution in favor of an intentional wrongdoer who has acted *in pari delicto* with others.

This Court would add that denial of a right of contribution serves another useful purpose in addition to those mentioned above. The threat that any one of a group of responsible persons could be held to pay 100% of the penalty without benefit of contribution, while the other actors might altogether avoid payment of even a portion of the penalty, might provide sufficient incentive for one or more in the group to act lawfully and pay or account for the taxes in question. A "responsible person's" resolve to willfully fail to collect such taxes may be weakened when faced with the possibility of bearing all of the 100% penalty than it would be if there was a right to spread and diversify this burden or risk among the group. The need for government action to collect these taxes is obviated if only one potentially liable person in a group of potentially liable people acts properly. The risk of bearing this penalty alone may bring that one person to the forefront a little more readily, and thus save the government the additional enforcement expenses.

The cross-claimants, Miller and Robertson, attempt to distinguish their claims from those dismissed in *DiBenedetto* and

cross-claim against American and Rebelle. In view of the Court's ruling on the pending motion to dismiss Robertson's and Miller's cross-claim, the only remaining claim which must be resolved by the Court is the government's third party claim against Robertson and Miller.

**2.** See, e.g., *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981) (no common law power to create rule of contribution in antitrust). See

generally, *Dobson v. Camden*, 705 F.2d 759, 766 (5th Cir.1983), *revd. on other grounds, en banc*, 725 F.2d 1003 (1984).

**3.** *DiBenedetto* has been followed by *Moats v. United States*, 564 F.Supp. 1330 (W.D.Mo.1983); *Hanhauser v. United States*, 85 F.R.D. 89 (M.D. Pa.1979); *Geiger v. United States*, 41 AFTR 2d 78–1230 (D.Md.1978); and *Cohen v. United States*, 35 AFTR 2d 75–1445 (E.D.Mich.1975).

other cases cited previously. They contend that their claim for indemnity or contribution is not based upon any federal common law or statutory right of contribution arising under section 6672, but instead, arises out of a breach of fiduciary duty owed by American and Rebelle to Miller and Robertson. In short, Miller and Robertson contend that the breach of which duty gives rise to a right of contribution or indemnity is founded in contract law. In support of this proposition, they rely on *Garity v. United States*, 46 AFTR 2d 80–5143 (E.D. Mich.1975). In *Garity*, the taxpayer plaintiff filed cross-claims against third-party defendants, producing essentially the same relationship among the parties as is before this Court. However, the motion to dismiss considered by the court in *Garity* was filed by the government, not the cross-claim defendants. The court found that the government was clearly not an adverse party with respect to the cross-claim for indemnification, and thus, lacked standing to assert the motion to dismiss. The court then considered, *in dicta*, the question of whether a claim for indemnification in a proceeding under section 6672 might rest upon a claim for breach of contract or fraud, even in the absence of a federal statutory or common law right of indemnification under section 6672 itself. The court found that a claim for indemnification may rest upon a theory of fraud or breach of contract.

 This Court finds the reasoning in *Garity* to be unsound and unsupported by the jurisprudence or by congressional intent. It should be noted that a separate provision is made for penalties to be assessed in the event of a negligent failure to account for, collect, or pay employment taxes in 26 U.S.C. § 6653.[4] It is clear that willful misconduct is considered more reprehensible than negligent misconduct. This conclusion is evidenced by the fact that the penalty for willful failures is 100% of the taxes owed, while the penalty for negligent failure to pay, collect, or account for taxes is only 5% of the taxes owed. 26 U.S.C. § 6653(a)(1).[5] However, when a person *willfully* acts and has a penalty assessed pursuant to section 6672, that person should not and must not have that liability for the penalty shared or placed wholly on another because of some contractual or fiduciary duty. The sound policy reasons against allowing a right of contribution or indemnity to someone who has willfully, consciously, and intentionally acted must and do apply under the facts of this case. The high penalty, and the omission by Congress of such a statutory right of contribution or indemnity, are intended to deter such willful conduct. It is for the Congress and not the courts to formulate a common law right of contribution when a penalty is assessed under section 6672. Thus, even if this Court construes the cross-claim of Miller and Robertson as alleging a breach of contract or fiduciary duty, the cross-claim still fails to state a claim upon which relief can be granted.

Therefore:

IT IS ORDERED that the motion of the plaintiffs, American Bank and Trust Company and Jules L. Rebelle, III, to dismiss the cross-claims of Guy W. Miller and George A. Robertson, Jr., for failure to state a claim upon which relief can be granted be, and it is hereby GRANTED.

---

**4.** 26 U.S.C. § 6653(a)(1) provides in part:
"(1) In general.—If any part of any underpayment ... of any tax imposed ... is due to negligence ... there shall be added to the tax an amount equal to 5% of the underpayment."

**5.** Without deciding the question, it is at least possible that one found liable for the penalties under section 6653 on the basis of negligence might have a claim for indemnification as a result of a breach of contract or fiduciary duty.