**MARINE BANK OF CHAMPAIGN–URBANA, and Busey Bank, Plaintiffs, Counterclaim-defendants,**

**v.**

**UNITED STATES of America, Defendant, Counterclaimant,**

**v.**

**Michael A. JOHNSON, Additional Counterclaim-defendant.**

**No. 88–2164.**

United States District Court, C.D. Illinois, Danville Division.

July 5, 1990.

J. Michael O'Byrne, Champaign, Ill., for Marine Bank of Champaign–Urbana.

E. Phillips Knox, Urbana, Ill., for Busey Bank.

Charles Green, U.S. Dept. Justice, Washington, D.C., Frances Hulin, Asst. U.S. Atty., Danville, Ill., for U.S.

Richard Chapin, Danville, Ill., for Michael A. Johnson.

## ORDER

BAKER, Chief Judge.

Compre Comm, Inc. was a corporation that did business in Champaign and whose president was Michael Johnson. The plaintiffs, Marine Bank and Busey Bank, extended a line of credit to the corporation and held as security an interest in Compre Comm's accounts receivable. Compre Comm failed to pay payroll taxes to the United States for the last two quarters of 1983 and the first two quarters of 1984. Pursuant to § 6672 of the Internal Revenue Code, the IRS assessed a tax liability against the banks and Michael Johnson. That statute provides:

> Any person required to collect ... and pay over any tax imposed by this title who willfully fails to collect such tax ... and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672. The IRS assessed against the banks the amount of $181.48 for the withholding tax that Compre Comm was required to pay for the quarter ending 3/31/84 for one of its employees. In addition, the IRS assessed the sum of $61,739.33 as a penalty. On March 2, 1988, the plaintiffs each made a payment to the IRS in the amount of $181.48. The plaintiffs seek a refund of the $181.48 and an abatement of the remainder of the penalty.

The IRS has filed a counterclaim against the banks for the sum of $61,739.33 plus interest. The IRS also seeks the sum of $91,639.71 plus interest from Michael Johnson.

Michael Johnson has filed a counterclaim against the banks seeking to be indemnified by them for any liability that is assessed against him and in favor of the IRS.

This matter is before the court on the plaintiffs' motion for summary judgment on Michael Johnson's counterclaim against them.

The issue the court must address is whether there is a state law right of contribution among "responsible persons" that are required to pay a penalty assessment pursuant to § 6672.[1] The cases conflict on this point. *See Rebelle v. United States*, 588 F.Supp. 49 (M.D.La.1984); *Moats v. United States*, 564 F.Supp. 1330 (W.D.Mo. 1983) (no right to contribution). *But see Schoot v. United States*, 664 F.Supp. 293 (N.D.Ill.1987); *Swift v. Levesque*, 614 F.Supp. 172 (D.Conn.1985) (right to contribution).

In *Rebelle*, the court, relying on policy grounds, held that the there was no state law right to contribution. It stated, "The sound policy reasons against allowing a right of contribution or indemnity to someone who has willfully, consciously, and intentionally acted must and do apply under the facts of this case." *Rebelle*, 588 F.Supp. at 52.

In *Schoot*, the court reviewed the case law on this issue and determined that a party from which a § 6672 penalty is sought may institute a separate action for indemnity or contribution after the IRS action is completed. *Schoot*, 664 F.Supp. at 298. In so holding, the court determined that the policy reasons against allowing a right of contribution to someone who has acted willfully or intentionally does not apply in the § 6672 penalty context. The court found that § 6672 is not intended as a punishment. Instead, it is, "simply a means of ensuring that the tax which is unquestionably owed to the government is paid. In effect, it is merely a collection device." *Id.* at 297–98, quoting *Swift v. Levesque*, 614 F.Supp. 172, 177 (D.Conn. 1985).

This court rejects the policy-reasoned approaches of both *Rebelle* and *Schoot*. In *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981), the Court held that there was no right to contribution under federal law for antitrust violations. In so holding, the Court declined to use the policy reasons for and against contribution in its rationale. *Id.* at 646, 101 S.Ct. at 2069.[2] Rather, the Court followed a three-step analysis. First, the Court noted that, generally, there is no right to contribution among joint tortfeasors. *Id.* at 634, 101 S.Ct. at 2063. Second, the Court looked to the statute itself to determine whether Congress either explicitly or implicitly created a right to contribution remedy. *Id.* at 638, 101 S.Ct. at 2065. Finally, the Court looked to see whether the statute permitted federal courts to fashion a federal common law right to contribution. *Id.* at 640–46, 101 S.Ct. at 2066–70.

Starting as the Supreme Court did with the observation that generally, there is no right to contribution among joint tortfeasors, the court must determine whether Congress either explicitly or implicitly created a right to contribution remedy under state law.[3] Since the statute is silent on this point, the court must look to see if Congress implicitly created such a right.

The parties have not directed the court to anything indicating that Congress implicitly created a state law right to contribution for persons facing § 6672 penalties. Even

---

1. The parties appear to agree that there is no federal right to contribution for persons against whom penalties are sought under § 6672. *See Sinder v. United States*, 655 F.2d 729 (6th Cir. 1981); *Rebelle v. United States*, 588 F.Supp. 49 (M.D.La.1984).

2. The Supreme Court stated:

    The policy questions presented by petitioner's claimed right to contribution are far-reaching. In declining to provide a right to contribution, we neither reject the validity of those arguments nor adopt the views of those opposing contribution. Rather, we recognize that, re-

    gardless of the merits of the conflicting arguments, this is a matter for Congress, not the courts, to resolve.
    *Texas Industries*, 451 U.S. at 646, 101 S.Ct. at 2070.

3. The court need not go to the third step in the *Texas Industries* analysis. As already observed in footnote one, there is no federal right to contribution for persons facing § 6672 penalties. *See supra* note 1. Since federal courts may not fashion a federal law right to contribution, it seems plain that they may not fashion a state law right to contribution.

the broader question of whether there can be state law remedies for federal causes of action appears not to have been addressed by the United States Supreme Court or any court of appeals.

The Supreme Court has, however, made statements that indicate that no state law right to contribution exists. In *Texas Industries*, the court examined the Senate debates for the Sherman Act to determine whether the Act provides common law remedies. Summarizing one Senator's comments, the Court observed that, while there might be common law actions for antitrust violations in state courts, the recovery of treble damages would not be available, "for its source is federal, not state, law." *Id.* at 644, 101 S.Ct. at 2069, citing 21 Cong.Rec. 3149 (1890) (statement of Sen. Morgan). These comments indicate that where the underlying action is under federal law, the remedies are also under federal law. Further support for this position comes from the Supreme Court's discussion of the right to contribution under the Equal Pay Act. *See Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981). In observing that there is no general federal right to contribution, the Court stated, "Of course, federal courts, including this Court, have recognized a right to contribution under state law in cases *in which state law supplied the appropriate rule of decision. Id.* at 97 n. 38, 101 S.Ct. at 1583 n. 38 (emphasis added).

Finally, the court observes that it has located only one instance (besides the § 6672 cases cited above) where a right to contribution under state law exists for a federal cause of action. This single instance is under 42 U.S.C. § 1983's remedy provision, § 1988. Section 1988 allows state law remedies to fill gaps left by the federal law. *See Hoffman v. McNamara*, 688 F.Supp. 830 (D.Conn.1988). Thus, Congress knows how to leave the door open for state law remedies to federal causes of action. Since the Internal Revenue Code has no similar provision for § 6672, the court concludes that Congress intended that no state law remedies apply.

This court holds that a party, against whom a § 6672 remedy is sought, may not seek a state law right to contribution.

IT IS THEREFORE ORDERED that the plaintiffs' motion for summary judgment upon the counterclaim of Michael Johnson (# 28) is hereby granted.