**In re Philip David KNAPP, Debtor.**

**Philip David KNAPP, Plaintiff,**

v.

**Thomas N. APPLEWHITE, Defendant.**

**Bankruptcy No. 87–2069–BKC–3P1.
Adv. No. 90–100.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 4, 1991.

Albert H. Mickler, Jacksonville, Fla., for plaintiff.

Granville C. Burgess, Fernandina Beach, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon the complaint of Philip David Knapp seeking contribution from Thomas N. Applewhite for penalties assessed against plaintiff pursuant to 26 U.S.C. § 6672. A trial was held on December 20, 1990, and upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Plaintiff filed a petition seeking the protection of Chapter 11 of the Bankruptcy Code on December 18, 1987. Prior to the filing of the petition, plaintiff and defendant were partners in Nassau Lounges, Inc.

The Internal Revenue Service determined that plaintiff was a "responsible person" within the meaning of 26 U.S.C. § 6672 and, as such, was liable for the repayment of a significant withholding tax liability. In plaintiff's confirmed Amended Chapter 11 Plan of Reorganization, he states that he will repay the Internal Revenue Service in the amount of $60,942.27, at the rate of $1,164 per month over five years.

Plaintiff brings this proceeding seeking contribution for this assessment from defendant.

The issue before the Court is whether such a right to contribution exists. The Court concludes that as a matter of law no such right to contribution exists.

## CONCLUSIONS OF LAW

■■ Federal Courts no longer create private rights of action without support in either the statutory text or the legislative history. *See, Karahalios v. National Federation of Federal Employees, Local 1263*, 489 U.S. 527, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989). Rights of contribution and indemnity are no different in principle from other implied rights of action. *See, Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981).

26 U.S.C. § 6672 provides in relevant part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall ... be

liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

Nothing in the text or structure of the statute [26 U.S.C. § 6672] suggests that the responsible person can seek compensation from anyone else. *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186, 1191 (7th Cir.1989). The law imposes a "penalty" on the defaulting responsible person. This is personal liability standing apart from the firm's tax debt. *Id.*

Of the courts which have considered the existence of a right to contribution under § 6672, a majority have concluded that there is none.

This Court agrees with the rationale articulated in *Rebelle v. United States*, 588 F.Supp. 49 (M.D.La.1984). In that case the court pointed to the penal nature of § 6672 and its reduction, if not outright defeat, should a person found to be a "responsible person" be able to share the burden or cost of this assessment. *Id.* at 51.

Plaintiff asserts that because defendant was also determined to be a "responsible person" by the Internal Revenue Service he must contribute an equal share of the penalty. Courts have been loath to extend a right of contribution in favor of an intentional wrongdoer even if he has acted *in pari delicto* with others. *See, DiBenedetto v. United States*, 35 AFTR 2d 75–1502, 75–1 USTC ¶ 9503 (D.R.I.1974).

The Court will enter a separate Final Judgment in favor of defendant.