Shannon WYNNE, Appellant,

v.

Robert FISCHER, Appellee.

No. 05–90–00868–CV.

Court of Appeals of Texas, Dallas.

April 23, 1991.

Rehearing Denied June 10, 1991.

 

OPINION

ENOCH, Chief Justice.

Shannon Wynne appeals a summary judgment rendered in favor of Robert Fischer on an indemnification/contribution cause of action. We affirm the trial court's judgment.

Wynne co-owned an establishment known as Tango Bar, Inc. (Tango) from 1982 through 1984. Although there were other owners, Wynne was, ostensibly, the person in charge. Wynne was also an officer and director of Tango. Neemo, Inc. (Neemo), a management company, managed Tango. Fischer, an executive with Neemo, oversaw the daily operations of Tango; he became associated with Tango when it began to experience financial difficulties in 1983 and 1984. During the third and fourth quarters of 1983, Tango did not pay the Internal Revenue Service (IRS) the federal income and social security taxes it withheld from its employees. Instead, Tango used these funds to pay other creditors.

The IRS assessed a penalty equal to 100 percent of the taxes against Wynne and a Neemo employee, Matthew Mabel. The IRS did not assess a penalty against Fischer. Wynne challenged the penalty assessment in federal district court, which found against Wynne. Wynne claims that Fischer is a "responsible person" under the tax provision, and, thus, should pay some or all of the penalty. Wynne sought contribution or indemnification from Fischer in the court below. The trial court found the reasoning in two federal district court cases persuasive and awarded summary judgment in Fischer's favor on the grounds that state law does not allow contribution/indemnity for section 6672 penalties.[3]

Wynne raises one point of error containing these subparts:

1) A genuine issue of material fact exists whether Fischer was a "responsible per-

B. Prater Monning, III, Mark E. Goldstucker, Janet J. Mullinax, Gardere & Wynne, Dallas, for appellant.

Robert W. Fischer, Fischer, Gitlin, Sanger & Washburne, Dallas, for appellee.

Before ENOCH, C.J., and CHADICK[1] and CARVER,[2] JJ.

1. The Honorable T.C. Chadick, Justice, Retired, Supreme Court of Texas, sitting by assignment.

2. The Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

3. *Rebelle v. United States,* 588 F.Supp. 49 (M.D. La.1984); *Rice v. Pearce,* 574 F.Supp. 23 (S.D. Iowa 1983).

son" under section 6672 of the Internal Revenue Code;

2) Fischer may be held liable although the IRS has not assessed a penalty against him;

3) There is no requirement that an agreement exist obligating Fischer for contribution and indemnity;

4) No statute of limitations bars this action;

5) The trial court rendered judgment upon a basis not raised by Fischer's motion for summary judgment; and

6) The trial court erred in finding that no cause of action exists for penalties imposed under section 6672 of the Internal Revenue Code.

Primarily, Wynne's arguments attack the trial court's finding that no cause of action exists. The parties agreed in oral arguments that no federal cause of action can be maintained; Wynne argues, however, that a state law cause of action remains.

▇▇▇ Before addressing whether the trial court's conclusion was correct, we first address Wynne's challenge that the defense of no maintainable cause of action was not before the trial court. Summary judgments must stand on their own merits. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A movant may not be granted summary judgment on a claim or defense that is not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983); *City of Houston*, 589 S.W.2d at 678. Pleadings do not constitute summary judgment proof. The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. Except for an attack on the legal sufficiency of the grounds expressly raised by the movant, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement, and he must present summary judgment proof to establish a fact issue. *City of Houston*, 589 S.W.2d at 678.

Fischer's motion for summary judgment reads, in part, "Defendant is not liable to Plaintiff because: ... (3) there is no contractual or legal basis for indemnification or contribution to Plaintiff." This sufficiently raises the defense relied upon by the trial court in granting summary judgment.

We now address whether the trial court reached the correct conclusion. When reviewing a summary judgment, the applicable standards are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

## CONTRIBUTION/INDEMNITY

Section 6672 sets up a statutory penalty for the willful failure to transfer withholding taxes to the IRS. The Internal Revenue Code provides, in part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C.A. § 6672(a) (West Supp.1991).

Neither party cites, nor have we uncovered, any Texas case involving contribution for statutory penalties or, more specifically, section 6672 penalties.

The federal law on the matter does not provide a clear direction. Authorities disagree on whether state law allows contri-

bution. *See Rebelle v. United States,* 588 F.Supp. 49 (M.D.La.1984); *Moats v. United States,* 564 F.Supp. 1330 (W.D.Mo.1983) (no right to contribution). *But see Schoot v. United States,* 664 F.Supp. 293 (N.D.Ill. 1987); *Swift v. Levesque,* 614 F.Supp. 172 (D.Conn.1985) (right to contribution). And there is even disagreement on whether section 6672 provides for a penalty or just an alternative method of recovering a tax. *See Cantlon v. Ernce,* 37 A.F.T.R.2d 76–1238 (N.D.Tex.1975); *Smith v. Commissioner,* 34 T.C. 1100, *aff'd,* 294 F.2d 957 (5th Cir.1964) (penalty). *But see Dillard v. Patterson,* 326 F.2d 302 (5th Cir.1963); *Marine Bank of Champaign–Urbana v. United States,* 739 F.Supp. 1257 (C.D.Ill. 1990) (tax). We fail to see the basis for the debate. The clear language of section 6672 states that a violator shall be liable for a *penalty.* We hold that the recovery allowed by section 6672 is a statutory penalty. Thus, we next determine whether Texas law allows contribution for a statutory penalty.

The two federal cases relied on by the trial court primarily address the lack of a federal cause of action, but they also indicate a public policy argument exists against allowing contribution or indemnification for this penalty. "[W]hen a person willfully acts and has a penalty assessed pursuant to section 6672, that person should not and must not have that liability for the penalty shared or placed wholly on another because of some contractual or fiduciary duty." *Rebelle,* 588 F.Supp. at 52. Essentially, this is the "clean hands" doctrine.

■ To obtain equity, a party must come into court with clean hands. *Grohn v. Marquardt,* 657 S.W.2d 851, 855 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.); *Village Medical Center, Ltd. v. Apolzon,* 619 S.W.2d 188, 191 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). A court acting in equity will refuse to grant relief to a plaintiff who has been guilty of unlawful or inequitable conduct with regard to the issue in dispute. *Grohn,* 657 S.W.2d at 855; *Munzenreider & Assocs. v. Daigle,* 525 S.W.2d 288, 291 (Tex.Civ.App.—Beau-

mont 1975, no writ). The determination of whether a party has come to court with unclean hands is left to the discretion of the trial court. *Grohn,* 657 S.W.2d at 855.

■ The "clean hands" doctrine in its purest form also provides that the defendant must show injury suffered as a result of the plaintiff's misconduct. *Right to Life Advocates, Inc. v. Aaron Women's Clinic,* 737 S.W.2d 564, 571 (Tex.App.—Houston [14th Dist.] 1987, writ denied), *cert. denied,* 488 U.S. 824, 109 S.Ct. 71, 102 L.Ed.2d 47 (1988); *Grohn,* 657 S.W.2d at 855. We hold that this is unnecessary in a fact situation such as we have here. A federal court determined that Wynne violated section 6672. Wynne willfully failed to carry out a most important duty. The payment of taxes is fundamental to the well-being of our society. The severity of the wrong committed negates any necessity for a showing of harm by Fischer. Those who seek equity must have been equitable in their own actions. *Tanglewood Homes Ass'n v. Henke,* 728 S.W.2d 39, 47 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). We agree with *Rebelle's* reasoning:

> The threat that any one of a group of responsible persons could be held to pay 100% of the penalty without benefit of contribution, while the other actors might altogether avoid payment of even a portion of the penalty, might provide sufficient incentive for one or more in the group to act lawfully and pay or account for the taxes in question. A "responsible person's" resolve to willfully fail to collect such taxes may be weakened when faced with the possibility of bearing all of the 100% penalty than it would be if there was a right to spread and diversify this burden or risk among the group. The need for government action to collect these taxes is obviated if only one potentially liable person in a group of potentially liable people acts properly. The risk of bearing this penalty alone may bring that one person to the forefront a little more readily, and thus save the government the additional enforcement expenses.

*Rebelle,* 588 F.Supp. at 51.

Neither contribution nor indemnity is available to recover statutory penalties as-

sessed under section 6672 of the Internal Revenue Code. For the reasons stated above, we hold no right to contribution or indemnity exists for a statutory penalty under Texas law. Having disposed of subparts five and six of Wynne's point of error, subparts one through four become immaterial, and we do not address them. We overrule Wynne's point of error and affirm the trial court's judgment.