Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Bernard KAPLAN et al., Defendants.

Civ. A. No. 74–1102.

United States District Court, E. D. Pennsylvania.

Aug. 21, 1974.

Motion for Reconsideration Denied Oct. 4, 1974.

---

John F. Holden, U. S. Dept. of Labor, Philadelphia, for plaintiff.

Sherrie E. Raiken, Philadelphia, for defendants.

## MEMORANDUM AND ORDER

VanARTSDALEN, District Judge.

This action is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The Secretary of Labor seeks to compel defendants, individually, and as partners and the responsible corporate officers to keep and maintain proper books and records as required by Section 11(c) and to pay the appropriate overtime rate to the employees as required by Section 7(a)(1) of the Act. 29 U.S.C. § 207(a)(1).

The complaint was filed on May 1, 1974, and according to the return of service, served on May 23, 1974. On June 14 a general appearance on behalf of all defendants was filed by Morton Silver, Esq., on behalf of the law firm

of Silver and Kratzok. On June 20, 1974 a stipulation of counsel, dated June 12, 1974, and approved by the court on June 18, 1974, was filed which extended for "30 days from June 12, 1974" the time within which all defendants could answer the complaint. On July 12, 1974, exactly on the thirtieth and last day of the stipulated period for filing an answer, defense counsel filed "A Motion To Extend Time for Answer." Plaintiff objects to granting the motion.

The present motion asserts that defense counsel, Morton Silver, "has found complexities of this case and the press of other business has rendered it impossible to file an answer on or before July 18, 1974." The motion further asserts that "Defendants' attorney has agreed to withdraw from his representation in this case and will forthwith file a request for Court approval thereof." Defense counsel has "forthwith" done nothing additional in this case. The motion is unverified. No brief or memorandum of law is attached. No certification of service of the motion is attached as required by Local Rule of Civil Procedure 36. Additional time was not requested until expiration of the stipulated extended time. See Canup v. Mississippi Valley Barge Line Co., Inc., 31 F.R.D. 282 (W.D.Pa.1962).

The motion lacks any specificity. The nature of the attorney's asserted "press of other business," that renders the filing of an answer within the month's extended period "impossible," is not detailed. What "complexities" have been found to file a responsive answer to a relatively short complaint that superficially, at least, appears to be uncomplicated is not indicated. No reason or explanation for defense counsel "agreeing" to withdraw "forthwith" is set forth.

Practice, such as is indicated by the present record, is to be severely criticized. Before an attorney accepts a particular case, he should at least make a sufficient preliminary investigation to ascertain whether he will be able to properly represent the client in the matter. The "good faith" of defense tactics as appears from the record is certainly open to serious question. This is particularly true since the relief which plaintiff seeks is a court order mandating no more than that which the law requires of the defendants if they are employers who are subject to the provisions of the Fair Labor Standards Act.

The defense motion will be denied. Defendants will be barred from filing an answer and plaintiff may file a motion for summary judgment or other appropriate relief.

## ON MOTION FOR RECONSIDERATION

The Secretary of Labor seeks to compel defendants to comply with the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., in regard to overtime payments to employees. Defendants' motion to extend the time for filing an answer was denied by memorandum and order dated August 21, 1974, and defendants' present motion for reconsideration of the order will be denied.

The defendants' proposed answer seeks to raise a defense of lack of subject-matter jurisdiction. Defendants assert that none of them is engaged in interstate commerce, and thus not subject to the provisions of the Fair Labor Standards Act of 1938.

Subject-matter jurisdiction may, in general, be raised at any time. Fed.R.Civ.P. 12(h)(3) provides:

Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Where there is no jurisdiction over the subject matter, the court cannot ignore that lack of jurisdiction. Joyce v. United States, 474 F.2d 215 (3d Cir. 1973). Although Di Frischia v. New York Central Railroad, 279 F.2d 141 (3d Cir.

1960), carves out a possible narrow exception where a defendant attempts "[to] play fast and loose with the judicial machinery and deceive the courts", its facts, if not unique, are at least inapplicable to the present case.

Consequently, although defendants are precluded from filing an answer, they may assert a defense of lack of subject-matter jurisdiction, and the court will fix a hearing for the purpose of taking testimony, receiving evidence and determining this issue.

Plaintiff, at the suggestion of the court in the memorandum filed August 21, 1974, has filed affidavit and moved for summary judgment. In the event that the court determines that there is subject-matter jurisdiction, summary judgment for plaintiff will be granted. Among the relief sought by the motion for summary judgment is a determination that defendants owe $20,508.94 to defendants' employees in overtime and interest, and prays for relief that is, as a practical matter, a monetary judgment in that sum, to be paid to plaintiff and distributed to the respective employees in accordance with the provisions of the Fair Labor Standards Act of 1938.

The complaint set forth no specification of the individual or total amounts claimed due for overtime under the Act, and thus, until the present motion for judgment was filed, defendant had nothing specific to admit or deny in regard to such monetary claim. Therefore, although summary judgment would appear appropriate, assuming a determination that this court has subject-matter jurisdiction, plaintiff must still prove, and defendant may defend against, the specific overtime claims. Consequently, an evidentiary hearing on the amount of overtime due will likewise be required before final judgment in any monetary sum may be entered.

It would seem probable that the real issue in this case, which is still to be determined, is subject-matter jurisdiction.

The amount of overtime payments, if any, that may be due would appear to be matters of accounting, where, hopefully, extensive testimony may not be required.