Marjorie M. HANHAUSER, Plaintiff,

v.

UNITED STATES of America,
Defendant,

and

George J. HANHAUSER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. Nos. 79–716, 79–717.

United States District Court,
M. D. Pennsylvania.

Dec. 19, 1979.

Francis J. Wormuth, Carbondale, Pa., for plaintiff.

James W. Walker, Asst. U. S. Atty., Scranton, Pa., Patricia A. Scott, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

The District Director of the Internal Revenue assessed a penalty against Marjorie M. Hanhauser and George J. Hanhauser in the total amount of $83,082.24, representing withholding taxes allegedly unpaid by Fab-Weld Corporation with respect to wages paid during the fourth quarter of 1972, all quarters in 1973 and the first quarter in 1974. Plaintiffs paid the sum of $1,144.00, representing the amount due for one employee, and filed this lawsuit seeking a refund of that payment. Plaintiffs contend that they were not persons responsible for the withholding and paying over of these taxes, and therefore neither of them is a "responsible person" for the purposes of § 6672 of the Internal Revenue Code. The government filed an answer and counterclaim, contending that the payment already made was proper because the assessment is valid, and seeking to obtain payment of the balance of the penalty assessed. Plaintiffs now seek to join the First National Bank of Carbondale, Pennsylvania, as Third-Party Defendant to the Counterclaim brought by the Defendant against the Plaintiff. Plaintiffs allege that the Bank exercised absolute authority and control over all the monies that were handled by the Corporation at this time, and would only authorize transfer of funds representing net salaries into Fab-Weld's payroll account, preventing the Corporation from paying income and social security taxes to the federal government. Plaintiffs therefore aver that if the government recovers judgment against the Plaintiffs on their counterclaim, then the Plaintiffs have a right of contribution against the proposed Third-Party Defendant, the First National Bank of Carbondale.

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice. Rule 14(b) provides that when a counterclaim is brought against a Plaintiff, he may cause a third-party to be brought in under circumstances which under this rule would entitle a Defendant to do so. A Defendant may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the Plaintiff's claim against him. Since the Plaintiffs did not seek to file this counterclaim until after the original ten-day period during which one may be filed under the rule, they had to seek leave to do so upon motion to this court. In order to maintain this counterclaim, the Plaintiffs must be able to show that if the government is successful in obtaining judgment against the Plaintiffs for the entire penalty still due, then the Bank will be liable to the Plaintiffs for all or part of that claim. Because we find the cases which clearly hold that there is no right of contribution among parties who may each or all be liable for a penalty under § 6672 to be controlling in this case, we must deny the Plaintiffs' motion to join the First National Bank of Carbondale as a Third-Party Defendant.

A Third-Party claim may be asserted under Rule 14 only if the third party's liability is in some way dependent on an outcome of the main claim or when the third party is secondarily liable to the Defendant. The secondary or derivative liability notion is central and it is irrelevant whether the basis of the Third-Party claim is indemnity, subrogation, contribution, express or implied warranty or some other theory. 6 Wright & Miller, Federal Practice and Procedure, § 1446 at 246 (1971). The original Defendant's claim against the Third-Party Defendant cannot simply be an independent or related claim but must be based upon the Plaintiffs' claim against the original Defendant. Wright & Miller, supra, § 1447 at 257. The crucial characteristic of a Rule 14 claim is that the original

Defendant is attempting to transfer to the Third-Party Defendant the liability asserted against him by the original Plaintiff. As the rule is designed to reduce multiplicity of litigation and therefore is remedial in character, it should be construed liberally. *Tower Manufacturing Corp. v. Reynolds*, 81 F.R.D. 560, 561 (W.D.Okla.1978).

In order to maintain this claim then, the Plaintiffs must show that the Bank is liable over to them for any liability which may be found to be owed by them to the government.

The government's claim against the Plaintiffs is based on § 6672 of the Internal Revenue Code, which reads in relevant part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under Section 6653 for any offense to which this section is applicable. 26 U.S.C. § 6672.

It is contended that the Plaintiffs were required to collect, truthfully account for and pay over the income and social security taxes withheld from wages of Fab-Weld Corporation employees, and that they failed to do so, so that they are liable for the penalty imposed by the terms of that section.

They seek to bring this third-party claim on the grounds that the First National Bank of Carbondale, by the amount of control that it assumed over Fab-Weld's business activities, and the fact that it had the final say in which creditors were to be paid became a "responsible person", within the meaning of that term under § 6672, and is therefore liable to them for any penalty assessed against them under § 6672.

The Plaintiffs rely on *Dunham v. United States*, 301 F.Supp. 700 (D.Conn.1969) in support of this position. That case was also before the Court on a determination of liability for a § 6672 penalty. Plaintiffs sued for a refund of a § 6672 penalty, the United States brought a counterclaim for the balance and brought a third-party complaint against the Second National Bank of New Haven to collect the same assessment. The Bank moved for summary judgment which was denied. The Court found that there were material issues of fact present concerning whether the Bank assumed such control over the business involved that it became the "person" exercising final discretion as to which creditors were to be paid and when. If the Bank was found to have assumed this amount of responsibility, it could be found liable.

We agree with the Plaintiffs that this case does support the proposition that the First National Bank of Carbondale may be found to be a person responsible for payment of withholding taxes under § 6672. However, that issue is not currently before us.

More than one party may be found to be a "responsible person" for payment of tax penalties under § 6672. *Braden v. United States*, 442 F.2d 342 (6th Cir.) cert. denied 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185. The issue before us is whether one party found to be so liable has a right of contribution as against another responsible party.

The Government contends that this action cannot be brought because there is no right to contribution among persons found liable under § 6672. Their position is based on three cases which deal expressly with this issue.

The first, *DiBenedetto v. United States*, 1975 Stand.Fed.Tax Rep. (CCH), U.S.Tax Cas. ¶ 9503 (D.R.I., Nov. 7, 1974) involved an action brought by DiBenedetto against the United States for a refund of a penalty assessed under § 6672, and partially paid. The United States counterclaimed for the balance and joined as Third-Party Defendants several other individuals who were officials of the corporation involved as "re-

sponsible person" under § 6672. These individuals in turn brought fourth-party claims against several additional corporate officers, alleging that the fourth-party Defendants were also "responsible persons" liable for the penalty under § 6672, and if the third-party defendants were found liable, then they would have a right to seek contribution from these fourth-party Defendants. In dismissing this fourth-party complaint the Court held that there is no right of contribution in favor of a person found subject to a penalty assessment under 26 U.S.C. § 6672 as against others who may also be liable.

The Court found that there was nothing in § 6672 itself which would provide for contribution among responsible persons, and that there is no federal common law right of contribution in this area as has been found to exist in the anti-trust and securities law areas.

In addition, the Court pointed out that § 6672 requires a finding of "willful failure" to collect or truthfully account for and pay over such taxes. Under § 6672, "willful" has been interpreted to require an act which is voluntary, conscious and intentional, as opposed to merely accidental or inadvertent. *See Monday v. United States*, 421 F.2d 1210, 1216 (7th Cir. 1970), cert. denied 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48. Courts have generally declined to extend any right of contribution in favor of an intentional tortfeasor who acts in pari delicto with others, see generally, W. Prosser, Law of Torts, § 50, at 308 (4th Ed.1971). In this case, the Court concluded that Rule 14(a) does not permit a Defendant to implead parties who may be liable to the United States. *See DiBenedetto v. United States*, [1975] Stand.Fed.Tax Rep. (CCH), U.S.Tax Cas. ¶ 9503 (D.R.I., Nov. 7, 1974).

The same issue was presented to the Court in *Cohen v. United States*, 1975 Stand.Fed.Tax Rep. (CCH), U.S.Tax Cas. ¶ 9391 (E.D.Mich. March 17, 1975). Plaintiff Cohen, as treasurer and director of a corporation, was found to be an officer responsible for nonpayment of the corporation's withholding tax, and was assessed a penalty under § 6672. He paid a portion of the assessment and brought suit against the Government for a refund. The government brought a counterclaim for the balance of the assessment, Cohen filed a Third-Party Complaint against another corporate officer, Meyer, which alleged that Meyer was the person responsible for the withholding taxes and seeking contribution from him in the event that judgment was entered against Cohen.

Relying partially on *DiBenedetto*, the Court dismissed Cohen's third-party complaint against Meyer. They found the circumstances of this case to be distinguishable from other areas in which a federal right to contribution has been recognized because of the "willfulness" requirement. The Court found that the willfulness required by § 6672 is sufficient to bring a violator of that section within the rule barring contribution on behalf of "willful" wrongdoers, and that contribution is not available on behalf of a person found liable under § 6672. The same result was reached in *Geiger v. United States*, 1978 Stand. Fed.Tax Rep. (CCH), U.S.Tax Cas. ¶ 9395 (D.Md., April 12, 1978), where a suit by a private person to obtain contribution from another individual who may also have been responsible for failure to pay withholding taxes was dismissed for lack of jurisdiction. § 6672 was held not to authorize such a claim. The Court relied on *DiBenedetto* in reaching its decision.

■ Applying this principle to the facts of this case, we find that this Court does not have jurisdiction over the Plaintiffs' third-party claim against the Bank. The Plaintiffs are seeking to obtain contribution from another party who may also have been responsible for the failure to pay withholding taxes. We find the reasoning outlined above persuasive, and hold that the Plaintiffs' claim must be dismissed because it is not authorized under § 6672.

The United States has filed an action against the *First National Bank of Carbondale*, No. 79–497, under 28 U.S.C. §§ 1340 and 1345, to collect the liability imposed upon the Defendant by 26 U.S.C. § 3505(b)

for failure to make timely deposit or payment of income taxes withheld from wages of Fab-Weld Corporation.

Since this action will involve many of the same factual issues as the actions, *Marjorie M. Hanhauser v. United States*, 79–716 and *George Hanhauser v. United States*, 79–717, these three cases will be consolidated for trial. An appropriate Order will be entered.