**Dean A. COOK, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third Party Plaintiff,**

v.

**Nicholas SPITHOGIANIS, and Lawrence L. Cirillo, Third Party Defendants.**

**Civ. A. No. 1:CV–90–519.**

United States District Court,
M.D. Pennsylvania.

May 29, 1991.

David E. Lehman, Harrisburg, Pa., for Dean Cook.

Bruce Brandler, U.S. Attys. Office, Scranton, Pa., for U.S.

Bruce Brandler, U.S. Attys. Office, Scranton, Pa., Gregory D. Stefan, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, D.C., for the U.S.

Nicholas Spithogianis, pro se.

Lloyd R. Persun, Harrisburg, Pa., Christopher Charles Conner, Mette, Evans & Woodside, Christian Steven Daghir, Mette, Evans and Woodside, Harrisburg, Pa., for Lawrence L. Cirillo.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction*

This action arises pursuant to Section 6672 of the Internal Revenue Code (26 U.S.C. § 6672), which imposes penalties for failure of responsible persons to collect and pay over taxes to the United States. Plaintiff, Dean A. Cook, filed a complaint against the United States of America, to recover an amount paid in partial satisfaction of a § 6672 assessment against him, which he alleges was improperly adminis-

tered. The Government responded with a counterclaim against Cook to enforce judgment and collect the balance of the assessment. Additionally, the Government filed a third-party complaint against defendants, Lawrence L. Cirillo and Nicholas Spithogianis, to reduce to judgment assessments imposed on them under § 6672. Cook and Cirillo, in turn, filed separate cross-claims against Spithogianis, seeking indemnity or contribution in the event judgment is entered against them. Each allege that Spithogianis was the person responsible for withholding taxes, and Cirillo contends that Spithogianis also contracted to indemnify him.

Pending is the Government's motion to strike the cross-claims of Cook and Cirillo on the grounds that this Court lacks subject matter jurisdiction over them pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Government's central contention is that there is no federal common law or statutory right to contribution or indemnity under § 6672.

## II. *Federal Right to Contribution or Indemnity under § 6672*

It is well settled that an individual subject to a tax assessment pursuant to § 6672 has no federal common law or statutory right of action for contribution or indemnity against another individual who may also be so liable. *DiBenedetto v. United States*, 75–1 U.S. Tax Cas. para. 9503, 1974 WL 791 (D.R.I., 1974); *Padalino v. United States v. Murray, et al.*, 1989 WL 154322, 1989 U.S. Dist. LEXIS 13,543, 89–2 U.S. Tax Cas. para. 9632 (D.C.N.J. 1989); *Swift v. Levesque*, 614 F.Supp. 172 (D.C.Conn.1985); *Rebelle v. United States*, 588 F.Supp. 49 (M.D.La.1984); *Schoot v. United States*, 664 F.Supp. 293 (N.D.Ill. 1987); *Moats v. United States*, 564 F.Supp. 1330 (W.D.Mo.1983); *Hanhauser v. United States*, 85 F.R.D. 89 (M.D.Pa.1979). The Government contends that neither Cook nor Cirillo have asserted any independent grounds for this Court's jurisdiction over those claims. "[I]t has been consistently recognized in the federal courts that where an action is patently without merit, a federal court may dismiss such an action for want of subject matter jurisdiction." *Carver v. England*, 599 F.2d 1055 (6th Cir. 1979); *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 70, 98 S.Ct. 2620, 2628, 57 L.Ed.2d 595 (1978); *Studen v. Beebe*, 588 F.2d 560, 566 (6th Cir.1978).

### A. Public Policy Considerations

First, regardless of the alleged existence of diversity or ancillary jurisdiction in this matter, we are convinced that there is a clearly defined public policy which disfavors allowing claims of contribution or indemnity to interfere with the tax collection process under § 6672. The majority of jurisdictions express a genuine concern "to avoid complicating the Government's action to collect the § 6672 penalty with collateral litigation between the parties." *Schoot, supra*, 664 F.Supp. at 298. "The practice and procedures developed over the years to test the validity of a § 6672 assessment were not and are not designed for and should not be complicated by collateral litigation that may be instituted by and between various persons who may be determined to be 'responsible persons' in a particular case." *Moats, supra*, 564 F.Supp. at 1341–1342.

Rather, the primary purpose of § 6672 is to "ensur[e] that the tax which is unquestionably owed to the government is paid." *Feist v. United States*, 607 F.2d 954, 957, 221 Ct.Cl. 531 (1979); *Botta v. Scanlon*, 314 F.2d 392, 393 (2d Cir.1963). Clearly, the "statute serves as a collection device for the government, and not as a source of a cause of action between or among persons found to be 'responsible' parties." *Swift, supra*, 614 F.Supp. at 173.

Additionally, § 6672 has been construed by several courts as penal in nature. Thus, to allow parties to recover from other responsible persons would greatly hinder the deterrent purpose of the statute. "[W]ithout the possibility that any one of several responsible persons might be held solely accountable for a penalty imposed without benefit of contribution, little incentive would exist for anyone to act in accordance

with the law by coming forward *sua sponte* to pay or account for the taxes in question." *Continental Illinois Nat. Bank & Trust Co. v. United States,* 87–2 U.S. Tax Cas. para. 9442, at 89,245, 1987 WL 12206 (N.D.Ill.1987). As the District Court in *Rebelle* reasoned:

> A 'responsible persons' resolve to willfully fail to collect such taxes may be weakened when faced with the possibility of bearing all of the 100% penalty than it would be if there was a right to spread and diversify this burden or risk among the group. The need for government action is obviated if only one potentially liable person in a group of potentially liable people acts properly. The risk of bearing this penalty alone may bring that one person to the forefront a little more readily, and thus save the government the additional enforcement expense.

*Id.* 588 F.Supp. at 51.

Finally, any party liable under § 6672 must necessarily be found to have "willfully" failed to collect or truthfully account for and pay over taxes to the Government. § 6672(a). Under the general principles of contribution and indemnity, a person who acts willfully cannot seek contribution. *Hanhauser, supra,* 85 F.R.D. at 92; *Rebelle, supra,* 588 F.Supp. at 51; *Continental, supra; Cohen v. United States,* 75–1 U.S. Tax Cas. para. 9391, at 86,967, 1975 WL 556 (E.D.Mich.1975); *DiBenedetto, supra; Cage v. New York C. Railroad Co.,* 276 F.Supp. 778 (W.D.Pa. 1967), *aff'd,* 386 F.2d 998 (3d Cir.1967); *Rhoads v. Ford Motor Co.,* 374 F.Supp. 1317 (W.D.Pa.1974), *aff'd,* 514 F.2d 931 (3d Cir.1975). Thus, based upon these policy considerations, we have no subject matter jurisdiction over the cross-claims in question.

### B. State Law Right to Contribution or Indemnity Under § 6672

Cook does not dispute that there is no federal common law right to contribu-

tion or indemnity under § 6672. However, he argues that such right exists pursuant to Pennsylvania law. Regardless of whether a state claim exists, it is well settled that a federal court lacks subject matter jurisdiction to consider a state claim for indemnity or contribution *at the same time* as the Government's § 6672 penalty enforcement action. *Schoot, supra,* 664 F.Supp. at 298; *Schoot,* 664 F.Supp. at 297; *Swift,* 614 F.Supp. at 176; *Garity,* 46 A.F.T.R.2d 80–5143, 1980 WL 1546. These courts have consistently directed parties seeking indemnity or contribution in a § 6672 federal action to file a separate state claim in a subsequent proceeding. *Schoot,* 664 F.Supp. at 298; *Swift,* 614 F.Supp. at 177; *Padalino, supra* (the Court refused to decide whether New Jersey state courts would allow contribution or indemnity in § 6672 actions and held that the issue should be brought to state court).

"[T]here is no subject matter jurisdiction for [federal courts] to consider [ ] actions grounded upon state law in the same action where the government seeks enforcement of its section 6672 penalties." *Schoot, supra,* 664 F.Supp. at 297. Further, in accordance with indicated policy considerations, that a state law permits "contribution between responsible persons under § 6672 in no way inhibits the efficient collection of taxes owed to the government, *provided the claim of contribution is brought as an action separate from that brought by the IRS pursuant to § 6672." Id.* quoting *Swift, supra,* 614 F.Supp. at 177; *DiBenedetto, supra* (third-party defendant may not implead another defendant for contribution or even to obtain "exculpatory facts"). As stated by the Court in *Schoot,* "We believe that the *Swift* approach which allows a party to institute a separate action for indemnity or contribution *after* the IRS action is completed is the better approach to take." *Schoot, supra,* 664 F.Supp. at 297.[1] Cook counters that a state claim for contribution may in fact be considered in federal court at the same

---

1. We note that several federal district courts have construed § 6672 as penal in nature and that no private state remedy may exist. *Rebelle*

*v. United States,* 588 F.Supp. 49 (M.D.La.1984); *Moats v. United States,* 564 F.Supp. 1330 (W.D. Mo.1983).

time as a § 6672 action according to *Swift, supra,* 614 F.Supp. at 175–76.

■ In *Swift* the Court held that according to Connecticut law the parties were entitled to contribution for § 6672 tax assessments under specific circumstances. However, we find that the Court would not have applied state law unless the parties asserted a state law right to contribution in their cross-claims and original complaint. In the present action, Cook did not allege a state law right to contribution or indemnity in his pleadings, doing so for the first time in his opposing brief. By implication under § 6672 and pursuant to applicable case law, a state law right to indemnity or contribution must be asserted in the pleadings. Otherwise, a cross-claim for indemnity and contribution must be viewed under federal statutory and common law and must therefore be dismissed for lack of subject matter jurisdiction. In *Padalino, supra,* the Court dismissed a § 6672 claim for contribution and indemnity against all third party defendants, stating:

Padalino bases his third-party complaint against third-party defendants on sec. 6672, the federal law provision under which the United States seeks payment for taxes from Padalino.... According to his complaint, Padalino does not seek contribution or indemnity under any other federal statute or any state law. ... *Because there is no mention of state law in Padalino's third-party complaint, I cannot infer state law claims from the complaint ....* Although in his most recent opposition brief Padalino argues that New Jersey state law would recognize a private right of contribution, Padalino does not allege a violation of the New Jersey statute in his complaint, nor does he move to amend his complaint to include state law.

*Id.* (emphasis added).

Similarly, in *Seachrist v. Riggs,* 1990 WL 260538, 1990 U.S. Dist. LEXIS 17844, 91–1 U.S. Tax Cas. para. 50,019 (N.D.W.Va. 1990), the plaintiff attempted to maintain an action for contribution in federal court

under state law. The Court rejected Seachrist's contentions stating:

[T]he present action is couched in federal terms. No pendent state claims were alleged in the original complaint and no West Virginia statute has been cited in support of jurisdiction for either indemnity or contribution in this Court. The Court has reviewed the legal authority on this subject and finds that any action for indemnity or contribution under these facts must arise under federal law. The Court further finds, in accordance with, e.g., *DiBenedetto v. United States,* 1975–1 U.S. Tax Cas. (CCH) para. 9395 (D.Md.1978), that there is no federal statutory authority that would permit Plaintiff Seachrist to seek indemnity from the [defendants]. Additionally, the Court finds that there is no common law rule that should permit Seachrist to seek indemnity from [defendants]. *See DiBenedetto, supra; Hanhauser v. United States,* 85 F.R.D. 89, 92 (M.D.Pa.1979). Accordingly, the Court lacks subject matter jurisdiction over Seachrist's complaint against the [defendants].

Based upon the above precedent, we are constrained to view Cook's cross-claim as one raised under federal statutory and common law and thus this court has no jurisdiction over it.

### III. *Contractual Right to Indemnity*

As to third-party defendant, Cirillo, he agrees with Cook that there is no federal statutory or common law right to indemnity or contribution under § 6672. However, Cirillo contends that he is entitled to indemnity from Spithogianis due to the existence of an indemnity agreement between them.[2] Cirillo alleges that he and Spithogianis entered into a written agreement whereby Spithogianis would indemnify him for any tax assessment rendered against him.

A federal court may, in some instances, have jurisdiction over a claim which seeks indemnity based upon a breach of contract. *Garity, supra,* 80–1 U.S. Tax Cas. para. 9407, 1980 WL 1546 (E.D.Mich.1980); *DiBenedetto, supra; Barker v. United*

---

**2.** Cook does not allege a contractual basis for    indemnity or contribution.

*States,* 72–1 U.S. Tax Cas. para. 9225, 1972 WL 379 (E.D.Okla.1972); and *Cantlon v. Ernce,* 37 A.F.T.R.2d 76–1238 (N.D.Ill. 1976). However, such jurisdiction exists only upon sufficient evidence of an actual indemnity agreement. *Barker, supra* (the court concluded *"by virtue of the indemnity agreement* that the parties are jointly and severally liable to the Government for assessments").

■ In the instant case, the letter which Cirillo refers to as "the agreement" states absolutely nothing from which we may infer that a contract of indemnity exists. The letter implies only that Spithogianis is aware of the individual consequences to himself in the event his retention of taxes is discovered. We are not persuaded that the letter in any way reveals an intent by Spithogianis to hold Cirillo harmless should an assessment be filed against him.[3]

■ Moreover, several courts have held that indemnity contracts violate public policy under § 6672. "[W]hen a person willfully acts and has a penalty assessed pursuant to section 6672 that person should not and must not have that liability for the penalty shared or placed wholly on another because of some contractual or fiduciary duty." *Rebelle, supra,* 588 F.Supp. at 52. Cirillo relies heavily upon *Garity, supra,* which has been sharply criticized as "unsound and unsupported by the jurisprudence or by congressional intent." *Continental, supra.* We conclude that Cirillo has failed to allege an independent jurisdictional basis to overcome established policy concerns.

## IV. *Alleged Defects in the Government's Motion*

### A. Standing

■ In their opposing briefs, Cook and Cirillo assert several grounds upon which

they argue Government's motion must be denied. First, both parties contend that the Government lacks standing to file a motion to strike a cross-claim which is not directed against it. Cirillo states that "the Government lacks any real stake in the outcome of the cross-claim[s] so as to entitle it to assert the motion it presently seeks to place before the court." While this contention appears plausible, it is incorrect. Rule 12(h)(3) provides:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Such language gives standing to any party to alert the Court that it lacks subject matter jurisdiction over a certain matter.[4]

When a court learns that it lacks subject matter jurisdiction, it may not exercise discretion to retain the claim. *Joyce v. United States,* 474 F.2d 215, 219 (3d Cir.1973). "Where there is no jurisdiction over the subject matter, the court cannot ignore the lack of jurisdiction." *Brennan v. Kaplan,* 64 F.R.D. 670, 672 (E.D.Pa.1974). "[F]ederal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *In re Wolverine Radio Co.,* 930 F.2d 1132, 21 Bankr. Ct. Dec. 932 (6th Cir.1991). Further, a "district court must dismiss a claim *sua sponte* if it lacks subject matter jurisdiction, even if parties do not raise the issue." *Church of Scientology v. United States,* 920 F.2d 1481, 1490 (9th Cir.1990); *citing Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986).

Cook and Cirillo contend that under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party raising a jurisdictional objec-

---

**3.** Had Cirillo alleged that the letter was merely evidence of an oral or other agreement, and not the agreement itself, our ruling might be different. However, he argues that the agreement lies within the four corners of the letter, which, by itself, does not constitute a contract. *See Barker, supra* (the court rejected a claim for contribution and indemnity because there was insufficient evidence of an indemnity agreement).

**4.** We note that in *Padalino, supra,* the Government moved to dismiss cross-claims for contribution against third-party defendants on the grounds that the court lacked subject matter jurisdiction. Although the parties against whom the cross-claims were asserted also filed a motion to dismiss on jurisdictional grounds, the Court did not refute or address whether the Government had standing to raise its jurisdictional argument.

tion must be adverse to the claim he seeks to dismiss. Specifically, Cirillo suggests that we view the Government's motion as one pursuant to 12(b)(6) for failure to state a claim, as opposed to 12(h)(3).[5] We acknowledge that under 12(b)(6), the party asserting the motion must be adverse to the party it seeks to dismiss, unless the court in its discretion decides to strike a pendant matter. We also recognize that certain jurisdictions have in fact dismissed § 6672 cross-claims for indemnity and contribution as violative of 12(b)(6). However, we defer to the majority of applicable cases which have dismissed cross-claims for indemnity or contribution because of a lack of subject matter jurisdiction. *Schoot, supra*, 664 F.Supp. at 298, *Seachrist, supra, DiBenedetto, supra*, and will view the relevant cross-claims accordingly.

### B. Ancillary Jurisdiction

Second, Cook and Cirillo contend that this Court has ancillary jurisdiction over the cross-claims in question, because they arise from the same transaction or occurrence that is the subject matter of the original action or the Government's counterclaim. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, a district court may adjudicate a cross-claim due to its relationship to the original action for which federal jurisdiction is proper, even where an independent basis for jurisdiction over the cross-claim is lacking. *Transcontinental Underwriters Agency, S.R.L. v. American Agency Underwriters*, 680 F.2d 298 (3d Cir.1982).

■■■ However, it is well established that ancillary jurisdiction does not extend to impleader claims for contribution or indem-

nity, unless an independent basis exists for federal court jurisdiction. *See, Aetna Casualty & Surety Co. v. Spartan Mechanical Corp.*, 738 F.Supp. 664 (E.D.N.Y.1990). "A Court does not have subject matter jurisdiction over [ ] third-party claims for contribution or indemnity as they lack an independent jurisdictional basis and are not within ancillary jurisdiction." *Id.* (district court lacked ancillary jurisdiction over defendant's third party breach of contract claims for indemnity and contribution).[6] Further, the rules regarding pendant jurisdiction have "arguably sound[ed] a death knell for ancillary jurisdiction over third-party claims for indemnity and contribution." *Community Coffee Co. v. M/S Kriti Amethyst*, 715 F.Supp. 772 (E.D.La. 1989).

### C. Diversity Jurisdiction

Finally, Cook alleges for the first time in his brief that there is an independent basis for this Court's jurisdiction over his cross-claim, i.e. diversity of citizenship under 28 U.S.C. § 1332. Plaintiff's complaint and cross-claim contain no allegation of diversity of citizenship as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. We acknowledge that a "court's discretion to dismiss for lack of subject matter jurisdiction when the plaintiff could have pleaded the existence of jurisdiction and when in fact jurisdiction exists, should be exercised sparingly." *Hoefferle Truck Sales, Inc. v. Divco–Wayne Corp.*, 523 F.2d 543, 549 (7th Cir.1975). However, in this case at the time the complaint and cross-claim were filed, there was no indication that a *state law* claim for indemnity or contribution would be raised. Therefore, diversity jurisdiction would not have been applicable at

---

5. Cirillo cites *Garity v. United States*, 80–1 U.S. T.C. para. 9407, 1980 WL 1546 (E.D.Mich.1980) to support his contention that the Government lacks standing to assert a motion to dismiss in this matter. However, the Court's mention that the Government may lack standing was merely dicta, unsupported by precedent or policy considerations. Moreover, the Government in *Garity* filed a motion under 12(b)(6) not 12(h)(3). The Court, therefore, neglected to discuss the Government's standing under 12(h)(3). Further, as indicated, the reasoning in *Garity* has been strongly criticized. *Continental, supra.*

6. It is reasonable to conclude that those cases dismissing indemnity and contribution claims under § 6672 for lack of subject matter jurisdiction would, in effect, be clearly erroneous if ancillary jurisdiction were applicable. Most claims for indemnity or contribution regarding tax assessment penalties necessarily involve the same transaction or occurrence as the original complaint. Thus, by implication § 6672 cross-claims for indemnity and contribution are an exception to Rule 13(g).

the time the cross-claim was filed. Regardless of whether diversity of citizenship is established in this matter there must be an "actual controversy" which the diversity statute may control. *Precision Shooting Equipment Co. v. Allen,* 646 F.2d 313 (7th Cir.1981). As indicated, Cook failed to allege a state claim for contribution or indemnity in his pleadings and we must construe his claim under federal law, to which diversity does not apply.[7]

We conclude that Cook and Cirillo have failed to establish that they are entitled to pursue cross-claims for indemnity or contribution against Spithogianis in this forum. We therefore lack jurisdiction over their claims and will dismiss them in an appropriate order.

### ORDER

AND NOW, this 29th day of May, 1991, upon consideration of the motion to strike of defendant and third-party plaintiff, the United States of America, filed on March 29, 1991, it is ordered that the motion is granted. It is further ordered that the cross-claims of plaintiff, Dean A. Cook, and third-party defendant, Lawrence Cirillo, against third-party defendant, Nicholas Spithogianis, are dismissed without prejudice.

---

**7.** We emphasize that even if diversity exists in this case, the cross-claims will be dismissed according to the public policy considerations discussed *supra.*