UNITED STATES of America, Plaintiff,

v.

Thomas A. AMERSON,
et al., Defendants.

No. 92–0144–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

July 16, 1992.

Jaye E. Rooney, U.S. Dept. of Justice, Tax Div., Washington, DC, for plaintiff.

Roger P. Hoyt, Stephen H. King, Kansas City, MO, for defendants.

Harold M. Mason, pro se.

Thomas A. Farley, pro se.

James P. Wilson, pro se.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Before this Court is the United States' Motion to Dismiss Cross–Claims for Lack of Subject Matter Jurisdiction. Defendants have failed to file a response to the United States' Motion. Defendant Amerson seeks indemnification or, alternatively, contribution from co-defendants Wilson, Mason, Nash and Farley. Amerson's cross-claim does not allege any jurisdictional basis. Defendant Wilson's cross-claim seeks indemnification or, alternatively, contribution from co-defendants Amerson, Farley, Mason and Nash.

■ An individual subject to a tax assessment pursuant to 26 U.S.C. § 6672 has no federal common law or statutory right of action for contribution or indemnity against another individual who may also be liable under section 6672. *Cook v. United States*, 765 F.Supp. 217, 219 (M.D.Pa.1991) and *Padalino v. United States*, 89–2 U.S.Tax Cas. 9632 (D.C.N.J.1989).

Amerson's cross-claim is based solely on his assessment and potential liability under section 6672. Because Amerson has asserted no independent grounds for the court's jurisdiction over claims, it is DISMISSED.

■ Wilson arguably has alleged a contractual basis for his cross claim by virtue of a "mutual release and settlement agreement" dated February 28, 1986, which is executed between Wilson and Wilco, by its Board of Directors which consisted of Amerson, Farley, Mason and Nash at the time. Sufficient evidence of an indemnity agreement must exist, in order for this Court to exercise jurisdiction over a claim seeking indemnity based upon a breach of contract. *Cook*, 765 F.Supp. at 222. The Agreement upon which Wilson relies does not indicate that Amerson, Farley, Mason and Nash intended to indemnify Wilson for tax assessments filed against him under section 6672. Rather, the Agreement indicates Wilco's intention to release Wilson from all claims or potential claims of liability directed against Wilco, which is now a defunct corporation.

This litigation is brought under section 6672, which is aimed at the personal liability of all individuals connected with the corporation who are responsible for collecting, accounting for, and paying over the corporation's employment taxes to the federal government. It is not a claim against Wilco, but against its principals. Thus, the agreement between Wilson and Wilco does not reveal that Amerson, Farley, Mason and Nash intend to release Wilson from liability for tax assessment filed against him under section 6672.

Further, section 6672 is penal in nature, and thus, to allow parties to recover from other responsible persons would greatly hinder the deterrent purpose of the statute. *Cook*, 765 F.Supp. at 219. *See also Continental Illinois National Bank and Trust Co. v. United States*, 87–2 U.S.Tax Cas. ¶ 9442 (E.D.Ill.1987). If contribution were allowed in section 6672 cases, there would be little incentive for individuals to comply with terms of this statute. Accordingly, it is hereby

ORDERED that the cross-claims of defendants Amerson and Wilson are DISMISSED.

IT IS SO ORDERED.