Myron **BELLOVIN**, Plaintiff and Counterclaim Defendant,

v.

**UNITED STATES** of America, Defendant and Counterclaim Plaintiff,

v.

John J. **SCHRAMM**, and Robert B. Smith, Counterclaim Defendants,

and

John Calderale, Additional Counterclaim Defendant.

No. CV 96–2628(ADS).

United States District Court, E.D. New York.

Nov. 1, 1997.

Jeffrey M. Rosenblum, P.C. by Jeffrey M. Rosenblum, Randy Karp, Great Neck, NY, for Plaintiff and Counterclaim Myron Bellovin.

U.S. Dept. of Justice, Civil Trial Section by Philip Berkowitz, Washington, DC, for Defendant and Counterclaim Plaintiff U.S.

Richard C. Marquette, Westport, CT, for Counterclaim Defendant John J. Schramm.

Muchnick, Golieb & Golieb, PC by Christopher R. Haunschild, New York City, for Additional Counterclaim Defendant John Calderale.

Robert B. Smith, Oyster Bay Cove, NY, pro se Counterclaim Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In 1993, the Internal Revenue Service assessed civil penalties, pursuant to § 6672 the Internal Revenue Code (26 U.S.C. § 6672), against Myron Bellovin, John J. Schramm, Robert B. Smith, and John Calderale upon a determination that each was a "responsible person" who willfully failed to collect, trustfully account for, and pay over withheld income taxes and Federal Insurance Contributions Act taxes due and owing from two corporations, Advanced Pipeline Technologies, Inc. ("APT"), and Real Time Systems, Inc. ("Real Time"). Bellovin was the bookkeeper for the two companies, Smith was the CEO of both companies, and Schramm was a director, officer and/or executive employee of the companies.

This action arises from the complaint filed by Bellovin in May, 1996, seeking a refund of the amount that he paid in satisfaction of the § 6672 penalties, and an abatement of the balance of these assessments. On August 5, 1996, the Government answered Bellovin's complaint and, pursuant to Fed.R.Civ.Proc. 13(b), filed counterclaims against Bellovin, Schramm and Smith seeking judgments in its favor for the assessments against them, plus statutory interest from the date of the assessments. In its subsequent Amended Answer and Counterclaim, the Government also asserted a counterclaim against Calderale,

seeking a judgment for the assessments against him, plus statutory interest. Bellovin, Schramm and Calderale have answered the Government's counterclaims. Smith did not plead or otherwise defend this action, and the Government obtained a default judgment against him on January 13, 1997.

Bellovin and Schramm have filed cross-claims in this action. Bellovin asserted cross-claims against Smith for fraud, punitive damages, breach of contract, breach of fiduciary duty, indemnity and contribution. In his First and Second Cross–Claims against Smith, Bellovin seeks judgment in an amount equal to penalties assessed against him plus punitive damages, under a theory that Smith defrauded him by misrepresenting to him the following: (1) Smith, not Bellovin, was responsible for taking care of paying the taxes for the two companies; (2) Bellovin's "limited role" as bookkeeper of the two companies could not subject him to any IRS liability; (3) Smith would ensure that Bellovin was not held responsible for payment the taxes; and (4) Smith would indemnify Bellovin for any liability he incurred as a result the nonpayment of the taxes. In his Third Cross–Claim against Smith, Bellovin seeks judgment in an amount equal to the penalties assessed against him on a breach of fiduciary duty theory, premised on the parties' respective positions with the companies and on Smith's aforementioned conduct. In his Fourth Cross–Claim, Bellovin alleges that the same conduct constituted a breach of contract and seeks damages equal to the penalties plus attorney's fees. Bellovin's Fifth, Sixth and Seventh Cross–Claims assert a right to indemnification by, and contribution from, Smith for the penalties assessed against him, as well as attorney's fees.

Bellovin also filed cross-claims against Schramm for breach of fiduciary duty, indemnification and contribution, under a theory that Schramm, as a director, officer and/or executive employee of the companies, should have taken measures to ensure that the taxes were paid. In addition, Schramm asserted cross-claims against Bellovin for breach of fiduciary duty, breach of contract, and indemnity.

Presently before the Court is the Government's motion to dismiss or sever the cross-claims of Bellovin and Schramm, presumably pursuant to Fed.R.Civ.Proc. 12(b)(1)—although the Government does not specify that—on the ground that this Court should decline to exercise supplemental jurisdiction over the cross-claims. Bellovin opposes dismissal, but consents to the Court bifurcating for trial his cross-claims for contribution and indemnification against Smith and Schramm. Schramm has not filed any papers in opposition to the Government's motion.

■ At the outset, the Court is exercising its inherent authority to *sua sponte* dismiss Schramm's cross-claims for failure to prosecute. See *Link v. Wabash R.R. Co.* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734, *rehearing denied,* 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962). Schramm was served with the Government's dismissal motion on January 2, 1997 and he did not file opposition papers during the ensuing ten months. Accordingly, this Court, in its discretion, is dismissing Schramm's cross-complaint with prejudice. *See Taub v. Hale,* 355 F.2d 201 (2d Cir.), *cert. denied,* 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 1020 (1966). However, for the sake of clarity and completing the record, the Court notes that even if it did not dismiss Schramm's cross-claim for failure to prosecute, it nevertheless would dismiss for the reasons set forth below.

## I. DISCUSSION

■ Section 6672(a) of the Internal Revenue Code provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). The Government can assess this penalty against more than one person since it has been held that there is joint and several liability under this statute. See. e.g., *McCray v. United States,* 910 F.2d 1289, 1290 (5th Cir.1990), *cert. denied sub nom., Scott v. United States,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991); *Wright v. United States,* 79 A.F.T.R.2d 97–623, 1995 WL 838984, *16 (E.D.N.Y.1995). Where more than one person is liable for unpaid withholding taxes under § 6672, the Government may collect the penalty from any of the persons liable or it may collect a part of the liability from each so long as the Government collects the complete money owed only once. *See Kelly v. Lethert,* 362 F.2d 629, 634 (8th Cir.1966); *Carlucci v. United States,* 793 F.Supp. 482, 484 (S.D.N.Y.1992).

In his cross-claims, Bellovin asserts that if he is liable for the penalties the Government assessed against him, then he should be able to pursue actions against Smith and Schramm sounding in fraud, breach of contract, breach of fiduciary duty, indemnification and contribution because they, too, are "responsible persons" for the payment of taxes under § 6672, and because Smith defrauded Bellovin as to his responsibility and accountability for paying the taxes at issue.

■The Court notes that, effective for penalties assessed after July 30, 1996, § 6672 was amended to create a "Right of contribution where more than one person [was] liable for [the] penalty ... *only in a proceeding which is separate from, and is not joined or consolidated with* ... in a proceeding in which the United States files a counterclaim or third-party complaint for the collection of such penalty." 26 U.S.C. § 6672(d)(emphasis added). However, prior to 1996, when the instant penalty was assessed, there existed no federal right to contribution or indemnification under section 6672. *See, e.g., Sinder v. United States,* 655 F.2d 729, 731 (6th Cir.1981); *Carlucci v. United States,* 793 F.Supp. 482 (S.D.N.Y.1992); *Rebelle v. United States,* 588 F.Supp. 49, 51 (M.D.La.1984); *DiBenedetto v. United States,* 35 A.F.T.R.2d 75–1502, 1974 WL 791 (D.R.I.1974). Accordingly, as Bellovin concedes, he must ground his cross-claims for indemnification and contribution, as well as for fraud, breach of contract and breach of fiduciary duty, on

state law, if at all. Bellovin asserts that this Court should exercise supplemental jurisdiction over these state-based cross-claims pursuant to 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1367(a), the district courts are vested with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." State and federal claims form "one case or controversy" when they "derive from a common nucleus of operative facts or when both claims would normally be expected to be tried in a single judicial proceeding." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Generally, when either condition is satisfied, the court's exercise of supplemental jurisdiction, not automatic, would be a favored and normal course of action. *See Promisel v. First American Artificial Flowers, Inc.,* 943 F.2d 251, 254 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992). Nevertheless, the grant of supplemental jurisdiction is vested in the sound discretion of the court. 28 U.S.C. § 1367(c). In particular, the district court may decline to exercise jurisdiction over a claim under subsection (a) if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Bellovin alleges that his cross-complaints satisfy the requirements of § 1367(a). He emphasizes that his defense to the Government's § 6672 action—namely, that he was not a responsible person who acted willfully—and his cross-claims against Smith and Schramm, derive from a common nucleus of operative facts. Also, he underscores that since the evidence he intends to offer in support of his cross-claims is the same proof he will offer in his defense to the § 6672 action, these issues would normally be expected to be resolved in one forum. Bellovin complains that it would be unfair to dismiss his cross-claims, because that would compel him to return to another court and present the identical evidence offered in his defense

to the § 6672 matter, resulting in "waste of precious judicial resources."

The Court finds that Bellovin's contentions are without merit. Even prior to the passage of Section 6672(d)—which, as previously noted, mandates that claims for contribution be brought in separate proceedings—the Courts were *"unanimous* in holding that the right [to indemnification and contribution] may not be exercised in the refund proceeding against the [Government]." Levine and Driscoll, "Is There a Right Contribution Among Responsible Persons?" 78 J. Taxation 30, 36 (1993)(emphasis added). *See also Ringer v. United States,* 153 F.R.D. 594, 596, 74 A.F.T.R.2d 94–5560 (N.D.Tex.1993); *Carlucci v. United States,* 793 F.Supp. at 486; *Cook v. United States,* 765 F.Supp. 217 (M.D.Pa.1991); *Steffens v. United States,* 76 A.F.T.R.2d 95–5702, 1995 WL 459303 (D.Minn.1995). "These courts have consistently directed parties seeking indemnity or contribution in a § 6672 federal action to file a separate state claim in a subsequent proceeding." *Cook v. United States,* 765 F.Supp. at 220 (citations omitted). The policy reasons for this rule were set forth in the frequently-cited opinion of Judge Goettel in *Carlucci v. United States:*

First, permitting these various [cross-claims] during the pendency of ... § 6672 proceedings ... would interfere with the efficient collection of the taxes owed ... because it would simply prolong and complicate the proceedings....

Second, the court's declining to decide the contribution actions will not prejudice [the claimant] as he may bring his contribution action after the resolution of this action....

Finally, the judiciary is charged with the duty to promote, not undermine, the goals of Congress as manifested in the public laws of the United States. In recognition of this policy, it has been a long-standing rule among the federal courts that contribution actions should not be heard during the pendency of a § 6672 because those claims would inappropriately prolong and complicate a tax collection proceeding....

793 F.Supp. at 486–87 (citations omitted).

In a nod to the vast body of case law against him, Bellovin agrees to have his

state-based claims for contribution and indemnification decided in a "bifurcated trial." Nevertheless, he asserts that he is entitled to have his claims for fraud, breach of fiduciary duty, and breach of contract, tried together with his refund claim against the Government. Without citing a single authority in support of his theory, Bellovin maintains that his claims for fraud, breach of contract, and breach of fiduciary duty are not claims for indemnification and contribution, and, therefore, the authority against him is distinguishable. The Court disagrees.

In the Court's view, Bellovin's claims for fraud, breach of contract, and breach of fiduciary duty are nothing more than masked claims for contribution and indemnification. That he asserts entitlement to indemnity and contribution because of Smith and Schramm's fraud, contractual obligations, or fiduciary duty, does not obviate the fact that when all is said and done, he is seeking indemnity and contribution. *See Continental Illinois National Bank and Trust Company of Chicago v. United States*, 60 A.F.T.R.2D 87–5163, 1987 WL 12206 (N.D.Ill. 1987)("[T]he bank's attempt to circumvent the rule disallowing contribution or indemnity [in a § 6672 case] by denominating Count I of its cross-claim as a claim for 'unjust enrichment' is unavailing.") The Court will not permit Bellovin to make an end run around the rule prohibiting the exercise of supplemental jurisdiction over contribution and indemnity claims in § 6672 proceedings under this theory. *See Rebelle*, 588 F.Supp. at 52 (rejecting cross-claimant taxpayers' effort to characterize their complaint as one arising out of a "breach of fiduciary duty" rather than any common-law or statutory right of contribution).

In addition, "[u]nder the reasoning of *Carlucci*, whether the Court views [Bellovin's] claim as one of contribution, or of [fraud, breach of contract or breach of fiduciary duty], the claim should not be brought in this § 6672 action. [The] claim[s] will 'prolong and complicate' this case, thus frustrating the Congressional goal of efficient tax collection proceedings." *Ringer v. United States*, 153 F.R.D. at 596 (declining to exercise supplemental jurisdiction over claim that third par-

ty stole the funds that were to be used to pay the disputed taxes). Regardless, "once the claims for contribution or indemnity ... are removed ... only ... state law claim[s] for [fraud, breach of contract, and] breach of fiduciary duty remain[ ] and, in the absence of cogent cause, this Court declines to exercise supplemental jurisdiction over th[ose] claim[s]." *Steffens v. United States*, 76 A.F.T.R.2D at 95–5015, 1995 WL 459303 *2.

## II. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED, that the Government's motion to dismiss the cross-claims of Bellovin and Schramm is granted; and it is further

ORDERED, that the cross-claims of Bellovin and Schramm are dismissed with prejudice.

SO ORDERED.