**Phillip S. ROSEN, as Administrator of the Estate of the Decedent, Eugene Souza, Jr.**

v.

**Doctor William CHANG, John Moran, Unknown Members of the Rhode Island Adult Correctional Institute Medical Staff, Unknown Adult Correctional Institute Guards, and the State of Rhode Island.**

**Civ. A. No. 90–0620 P.**

United States District Court, D. Rhode Island.

Feb. 15, 1991.

Phillip S. Rosen, Providence, R.I., administrator.

Dorothy Fobert, Sp. Asst. Atty. Gen., Providence, R.I., J. Renn Olenn, Warwick, R.I., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

The defendants in this case are Dr. William Chang, a physician employed by the State of Rhode Island to administer medical services to inmates incarcerated in the Adult Correctional Institutions, John Moran, former Director, Department of Corrections, "Unknown Members of the Rhode Island Adult Correctional Institute [sic] Medical Staff, Unknown Adult Correctional Institute [sic] Guards, and the State of Rhode Island." The defendants move to dismiss this entire action pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.[1]

This complaint is premised on three separate theories of liability: Count I is a claim against the named defendants in their individual and official capacities as employees of the State of Rhode Island pursuant to 42 U.S.C. § 1983 to redress alleged deprivations of rights secured by the Eighth and Fourteenth Amendments to the United States Constitution; Count II seeks recovery against all defendants, except the State, pursuant to R.I.Gen.Laws 1956

---

1. Fed.R.Civ.P. 12(b) states in part:
   Every defense, in law or fact, to a claim for relief in any pleadings, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, ... (6) failure to state a claim upon which relief can be granted.... *Id.*

§ 10–7–1, Wrongful Death Act[2]; Count III pleads that the State is liable for the wrongful conduct of its employees under the doctrine of respondeat superior. I will discuss each count separately.

## I. *Background*

The instant action, by the Administrator of the estate of the decedent Eugene Souza, Jr., an inmate, is in the nature of a medical malpractice suit. It is bottomed on the allegation that repeated complaints of abdominal pain were improperly diagnosed as an upset stomach and treated with "Metamucil," when in fact the decedent was suffering from acute appendicitis, which ailment ultimately caused his death.

## II. *Legal Conclusions*

Motion to Dismiss

In resolving the fate of each count, I must apply the well settled principle that a complaint will not be dismissed under Fed. R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would be entitled to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### A) Count I—Defendants' Liability in their Official Capacities

■ Plaintiff has not attempted to bring Count I against the State, but has brought it against state officials in their official capacities. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), forecloses suits under 42 U.S.C. § 1983 (1982)[3] for damages against states and state officials acting in their official capacities; both the state itself and its officials are simply not persons within the meaning of the statute. *See Will,* 109 S.Ct. at 2312. Justice White, writing for the Court, explained that "[o]bviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the state itself." *See id.* at 2311 (citations omitted). If this were a suit seeking prospective relief, then it would not be deemed an action against the state; the state officials would still be "persons" and therefore subject to suit. *See Will,* 109 S.Ct. at 2311 n. 10 (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106, n. 14, 87 L.Ed.2d 114 (1985)). This Count falls four-square within the teaching of *Will, supra,* and thus must be and is hereby dismissed as against the named defendants in their official capacities. No reading of this complaint, however liberal and expansive, could develop facts or interpretation which would save it from dismissal.

### B) Count I—Defendants' Liability in Their Individual Capacities

■ Apart from *Will, supra,* the defendant argues that "the gravamen of plaintiff's complaint against Dr. Chang is that the physician failed to properly diagnose and treat plaintiff's medical condition.... Injury resulting from alleged negligence does not rise to a level of a violation of constitutional rights." *Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986). This is true; failure to treat a medical complaint rises to the level of a constitutional depri-

---

**2.** R.I.G.L. § 10–7–1 reads:
Liability for damages for causing death.— Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony.

**3.** 42 U.S.C. § 1983 (1982) reads:
Every *person* who, under color of any statute, ordinance, regulation, custom or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proceeding for redress. (emphasis added). *Id.*

vation only when the defendant is deliberately indifferent, a standard which includes only "wanton infliction of unnecessary pain" and not mere accident or inadvertent failure. *Estelle v. Gamble,* 429 U.S. 97, 104–106, 97 S.Ct. 285, 291–292, 50 L.Ed.2d 251 (1976). The conduct must offend "evolving standards of decency." *Id.* at 106, 97 S.Ct. at 292.

■ The defense argument is not without some substance. I am, however, convinced that such argument reads the complaint too narrowly. It does state that the defendant, Dr. Chang, was "deliberate[ly] indifferen[t]" and that the other "medical staff members who dealt with Decedent were so outrageously indifferent as to amount to wanton recklessness." Though not a model of pleading, it seems to me the allegations are sufficient to overcome summary dismissal.

A motion to dismiss the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–102. The complaint here, though minimal in implicating Dr. Chang, does accuse him of unconstitutional conduct, "deliberate indifference," in violation of the Eighth Amendment to the United States Constitution. As to the other defendants, I find that under the umbrella of "outrageous indifferen[ce]," evidence can be presented to prove "deliberate indifference;" that is, something more than "wanton recklessness" as the plaintiff has pleaded. It is inimical to the spirit and letter of the federal rules of pleading to place a purist interpretation on words of pleading simply to defeat an action. *Conley,* 355 U.S. at 48, 78 S.Ct. at 103. The tactics all too common under Common Law Practice and Pleading are long gone and anachronistic to current practices. *See* 5 Wright & Miller, Federal Practice and Procedure § 1202 (1990). Individually, the defendants, other than the State, must thereby be retained as party defendants under Count I.

C) Count II—Pendent State Claim Against Defendants Individually Pursuant to R.I.Gen.Laws § 10–7–1, Wrongful Death Act

■ Plaintiff has brought a claim against the individual defendants under the state wrongful death statute, R.I.G.L. 10–7–1. This court must determine whether to assert pendent jurisdiction over this state law claim. In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court stated:

> Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *," U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *Levering & Garrigues Co. v. Morrin,* 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*Id.,* 383 U.S. at 725, 86 S.Ct. at 1138 (emphasis in original).

The doctrine of pendent jurisdiction delineated in *Gibbs* has recently been codified, under the heading "supplemental jurisdiction," at 28 U.S.C. § 1367.[4] The new statute states:

> Except as provided in subsection (b) and (c) or as expressly provided otherwise by

---

**4.** For a more thorough discussion of 28 U.S.C. § 1367, see Larisa & Zurier, The Federal Courts Study Committee Implementation Act of 1990: Important New Provisions for the Federal Court Practitioner, Rhode Island Bar Journal, Feb. 1991 at 5.

Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The new statute applies to all civil actions commenced on or after the enactment date, December 1, 1990, 101 Pub.Law 650, § 310(c), including this case, which was filed on December 12, 1990. I find that the operative facts underlying the wrongful death claim are the same facts underlying the § 1983 claim and that the claims are, therefore, part of the same "case or controversy." This Court thus has the *power* to exercise supplemental jurisdiction over the wrongful death claim.

The inquiry does not end there, however. Under both *Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139–40, and the new statute, 28 U.S.C. § 1367(c),[5] it is within a court's discretion to exercise supplemental jurisdiction.[6] I am somewhat concerned about the potential for confusion in the jurors' minds when they must consider both the Eighth Amendment standard for Count I and the negligence standard for Count II. Such concerns, however, are outweighed by the furtherance of judicial economy in trying these closely related claims together, particularly when clear jury instructions may alleviate any juror confusion. I will, therefore, use my discretion to exercise supplemental jurisdiction over the wrongful death claim.

**D) Count III—Pendent Jurisdiction to Hold the State Liable Under the Doctrine of Respondeat Superior**

Finally, plaintiff attempts to hold the State of Rhode Island liable under the doctrine of respondeat superior for the wrongful conduct of its employees. Until recently there was clear precedent barring such an action. In *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court proscribed assumption of jurisdiction over a defendant excluded from suit by an act of Congress; it held that a court cannot circumvent such prohibition via pendent jurisdiction. In *Clark v. Taylor*, 710 F.2d 4, 13 (1st Cir. 1983), the court would not allow the plaintiffs, in a § 1983 action, to hold the State liable on a theory of respondeat superior for the actions of its employees. Both cases stated that, in consideration of the fact that there was no Congressional grant of jurisdiction, Congressional intent to bar § 1983 actions against the states must be read to indicate that pendent jurisdiction should not be used to allow similar state law claims. *See Aldinger*, 427 U.S. at 17, 96 S.Ct. at 2421, *Clark*, 710 F.2d at 12–13.

Those decisions, however, cannot govern after the passage of 28 U.S.C. § 1367. As noted, *supra*, the statute *explicitly* grants the courts the power to exercise supplemental jurisdiction and states that, "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Since the passage of this statute, this Court now has the power to assert jurisdiction over this state law claim against the State. I hold that this claim is part of the same "case or controversy" as

---

**5.** 28 U.S.C. § 1367(c) states:

The district courts may decline to exercise jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.*

**6.** On its face, 28 U.S.C. § 1367(c) seems to indicate that a court should decline jurisdiction over a related state claim only in unusual circumstances. In the present case, however, I need not determine to what extent the statute may curtail the discretion afforded the courts under *Gibbs*.

the § 1983 claim; for, under the theory of respondeat superior, the case against the State will be based almost entirely on the proof used against the individual defendants. I also find that it would serve the interests of judicial economy to try these related claims together. This Court will thus utilize its power and discretion to maintain supplemental jurisdiction over Count III.

The plaintiffs face one other potential hurdle in bringing Count III in federal court: the Eleventh Amendment. The Eleventh Amendment is not a bar, however, if Rhode Island has consented to suit. *See, e.g., Parden v. Terminal Railway,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). Both federal and state courts have interpreted R.I.G.L. § 9–31–1[7] as a waiver of the State's Eleventh Amendment immunity to tort suits in federal court. *See Marrapese v. Rhode Island,* 500 F.Supp. 1207, 1209 (D.R.I.1980); *Laird v. Chrysler Corp.,* 460 A.2d 425, 429 (R.I.1983). There is, therefore, no impediment to plaintiff's claim against the State and Count III is not dismissed.

### Conclusion

Count I is dismissed as against the named defendants in their official capacities; the Count is not dismissed as against the individuals in their individual capacities. Counts II and III are not dismissed.

---

**7.** R.I.G.L. § 9–31–1 states:

The state of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limitations set forth in § 9–1–25, hereby be liable in all actions of tort in the same manner as a private individual or corporation; Provided, however, That any recovery in any such action shall not exceed the monetary limitations thereof set forth in the chapter.