Jessie Lee McCRAY, Patricia McCray, Nathaniel McCray, Moblet McCray, Willie Lou McCray, Simmie Lee Freeman, and Lutisha Freeman, Plaintiffs,

v.

James HOLT, as sheriff of Martin County, Florida, Sal Rastrelli, Jeff Smith, John Ski, and Doug Moore, Defendants.

No. 91–14030–CIV.

United States District Court, S.D. Florida.

Oct. 28, 1991.

Frederic D. Kaufman, Pompano Beach, Fla., Steven Goerke, Boca Raton, Fla., for plaintiffs.

James C. Brady, West Palm Beach, Fla., Keith C. Tischler, Tallahassee, Fla., for defendants.

ORDER DENYING MOTION TO DISMISS OF DEFENDANTS HOLT, RASTRELLI, SMITH, SKI, AND MOORE AS TO COUNTS IV, V, AND VI OF PLAINTIFFS' SECOND AMENDED COMPLAINT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Count IV (Intentional Infliction of Emotional Distress), Count V (Loss of Consortium), and Count VI (Conspiracy under 42 U.S.C. § 1985) of Plaintiffs' Second Amended Complaint. Plaintiffs have filed a Response. For the reasons which follow, the Motion will be denied in its entirety.

## I. *Allegations Relevant to the Motion to Dismiss*

On the afternoon of July 21, 1989, Plaintiffs Simmie Lee Freeman, Jessie Lee McCray, Nathaniel McCray and Willie Lou McCray were traveling North on Interstate 95 in Martin County, Florida in an automobile owned and operated by Jessie Lee McCray. Defendants Sal Rastrelli and Jeff Smith, Deputies in Martin County Sheriffs Office "Selective Enforcement Unit," stopped the McCray vehicle for alleged traffic violations. By Order dated January 22, 1990, the Circuit Court of the Nineteenth Judicial Circuit, In and For Martin County, Florida, held that "there was no traffic infraction proved to have been committed by the driver" and therefore determined the stop was "illegal and was made against [plaintiffs'] State and Federal Constitutional rights." Pls.' Exb. A.

The Complaint alleges that Defendant Deputies engaged in cruel and inhumane treatment of the vehicle occupants during and immediately after the wrongful stop. Plaintiffs specifically aver the following facts. During the stop, two plaintiffs were forced by the Deputies to stand in an area infested with red ants while handcuffed and unable to defend themselves against painful bites. Compl. at ¶ 37(c). Three plaintiffs were placed in a Sheriff's vehicle, with its windows closed, by Defendant Rastrelli, who then turned on the heater despite the fact that it was an extremely hot day. *Id.* at (d). Plaintiffs were kept in the vehicle for approximately forty-five minutes, causing one plaintiff to require medical attention for injuries sustained from the heat. *Id.* One Plaintiff, Willie Lou McCray, aged and deaf, was driven to a convenience store by Defendants Ski and Moore and left there to fend for herself, alone, lost, and unable to communicate. *Id.* at ¶ 74. The Complaint further alleges that this plaintiff was "physically and sexually abused," and had her personal property "recklessly" thrown about the ground. *Id.* Plaintiffs claim that certain Defendants "planted" narcotics in the McCray vehicle and/or on Jessie Lee McCray's person, and made "fraudulent" excerpts of a conversation with some of the Plaintiffs. *Id.* at ¶ 37.

Three Plaintiffs were kept in the Martin County jail for periods ranging from twenty (20) to forty-two (42) days. *Id.* at ¶ 37. The wives of these Plaintiffs seek damages for loss of consortium.

Defendants deny each of the allegations that would give rise to liability under Counts IV—VI.

## II. *Analysis*

### A. Intentional Infliction of Emotional Distress

■ Based on the foregoing allegations, the Court finds that Plaintiffs have stated a cause of action for intentional infliction of emotional distress.

■ The Florida Supreme Court adopted the Second Restatement of Torts definition of this cause of action in *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277 (Fla. 1985) ("*McCarson*"). Under Florida law, an emotional distress plaintiff must prove: 1) deliberate or reckless infliction of mental suffering; 2) by outrageous conduct; 3) which conduct must have caused suffering; and 4) the suffering must have been severe. *See Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir.1990) (citing Restatement (Second) Torts § 46 in construing Florida law), *cert. denied*, —— U.S. ——, 111 S.Ct. 509, 112 L.Ed.2d 521. As the Eleventh Circuit recently noted, police officers may be held liable under this cause of action in Florida courts for "extreme abuse of their position." *Von Stein v. Brescher*, 904 F.2d 572, 584 (11th Cir.1990) (finding no abuse where the arrest was not shown to have been "unreasonable") (citation omitted).

For purposes of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) material allegations are taken as admitted. *See Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). Additionally, the complaint must be liberally construed in favor of the plaintiff. *Id.* Thus, under this standard, the Court must take as true allegations of Defendants' state of mind and Plaintiffs' suffering. Both of these elements involve determina-

tions that must be made by the trier of fact. The only issue now before the Court is whether the allegations in the Complaint rise to the level of "outrageous conduct" under state law. *See Ponton v. Scarfone,* 468 So.2d 1009, 1011 (Fla. 2d DCA 1985) (evaluation of misconduct is a matter of law, not question of fact), *rev. denied,* 478 So.2d 54 (Fla.). Florida courts have looked to the comments to § 46 of the Restatement of Torts in defining "outrageous" conduct. The *McCarson* Court quoted with approval from Comment d:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "outrageous!"

467 So.2d at 278–79.

The Court finds that, if proven, the allegations of police abuse and misconduct contained in the Second Amended Complaint would satisfy the Restatement test. As set out more fully above, the Complaint alleges, *inter alia,* that certain defendants physically and sexually abused deaf Plaintiff Willie Lou McCray, threw her personal property about the ground, and left her to fend for herself at a convenience store, lost and unable to communicate. The other Plaintiff vehicle occupants were subjected to red ant bites while handcuffed, and placed in the Sheriff's vehicle with the heater turned on during the afternoon of an extremely hot day. The Complaint also

alleges that narcotics were "planted" on certain Plaintiffs, and other evidence manufactured. Additionally, three Plaintiffs were deprived of their liberty for several weeks in the county jail, and their property subjected to state law forfeiture actions— all of this pursuant to a stop that the state suppression court determined was groundless and illegal. The conduct alleged, if proven, satisfies the *McCarson* test.[1]

### B. Loss of Consortium/Pendent Party Jurisdiction

■ Plaintiffs Trisha McCray, Moblet McCray, and Lutisha Freeman are the wives of the arrested and detained Plaintiffs. These spouse Plaintiffs assert a claim for loss of consortium under state law as a result of the wrongful acts of the Defendants. The Court will entertain the claim pursuant to the supplemental jurisdiction provisions of the Judicial Improvements Act of 1990, 28 U.S.C.A. § 1367 (Supp.1991). As this statute appears to overrule very recent Supreme Court and Eleventh Circuit authority, it is necessary to review briefly the caselaw prior to the statute's enactment.

The spouse Plaintiffs admit that their own claim has no independent basis of federal jurisdiction, but argue that their spouses' § 1983 action supports pendent jurisdiction over the loss of consortium claim. Defendants contend that pendent party jurisdiction has been abolished by the Supreme Court in *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (holding that in action brought under the Federal Tort Claims Act, plaintiff could not assert state claims against a second defendant without independent base

---

**1.** Defendants label the allegations above "grossly insufficient" to maintain a cause of action for intentional infliction of emotional distress. (Mot. to Dism. at 4). For this proposition, Defendants cite the following cases: *Mundy v. Southern Bell Tel. & Tel. Co.,* 676 F.2d 503 (11th Cir.1982); *Kent v. Harrison,* 467 So.2d 1114 (Fla. 2d DCA 1985); *Dowling v. Blue Cross of Florida, Inc.,* 338 So.2d 88 (Fla. 1st DCA 1976); *Food Fair, Inc. v. Anderson,* 382 So.2d 150 (Fla. 5th DCA 1980).

Only one of these cases was decided after the Florida Supreme Court recognized that a cause of action exists for intentional infliction of emo-

tional distress. In that case, *Kent, supra,* the court held there was no cause of action where the defendant harassed and annoyed the plaintiff with many telephone calls in the aftermath of a verbal conflict which occurred between them. *Id.* at 1114. To suggest a comparison between that case and to the allegations of serious police misconduct in the instant case trivializes the issue.

Each of the other cited cases occurred in the context of employment relations. To the extent they are still valid after the *McCarson* decision, they are so factually dissimilar to the case *sub judice* as to be inapposite.

of federal jurisdiction). Indeed, it appears that some circuits would so hold. *See e.g., Staffer v. Bouchard Transp. Co., Inc.*, 878 F.2d 638, 643 n. 5 (2d Cir.1989). However, most courts of appeal have interpreted *Finley* to require an analysis of the underlying statutes' jurisdictional grant. *See Ortega v. Schramm*, 922 F.2d 684, 692 n. 9 (11th Cir.1991) (listing cases). Under this line of cases, pendent party jurisdiction survived after *Finley* only if granted by the statute providing the district court with jurisdiction. In the very recent *Ortega* decision, the Eleventh Circuit specifically held that the statute which authorizes federal courts to entertain § 1983 claims, 28 U.S.C. § 1343(a)(3), does not affirmatively provide for pendent party jurisdiction. 922 F.2d at 688; *accord Stallworth v. City of Cleveland*, 893 F.2d 830, 836–38 (6th Cir.1990) (no jurisdiction over husband's loss of consortium claim as pendent party to wife's § 1983 action). Thus, under the *Ortega* court's interpretation of *Finley*, this Court would be required to dismiss the spouse Plaintiffs' loss of consortium claim.

It appears, however, that the supplemental jurisdiction provisions of the Judicial Improvement Act of 1990 change this result. The Act states:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joiner or intervention of additional parties.*

28 U.S.C.A. § 1367(a) (emphasis added).[2] In enacting this section, Congress was acting on the recommendation of the Federal Courts Study Committee, which recommended that "Congress should expressly authorize federal courts to exercise pendent party jurisdiction over parties without an independent federal jurisdictional basis." *Report of the Federal Courts Study*

Committee at 47 (1990) (*quoted in* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3567.3 (2d ed. 1975 and Supp.1991) ("Wright & Miller"). Congress has therefore definitively resuscitated pendent party jurisdiction. The limitations of *Finley*, and thus of *Ortega*, have been repudiated by the new statute. *See Wright & Miller, supra,* at § 3567.2 ("principal purpose" of the new jurisdiction provisions is to make clear that pendent party jurisdiction in federal questions case is permissible).

As the loss of consortium claim undeniably arises from a common nucleus of operative fact, Defendants' motion to dismiss Count V is denied.

The Court finds Defendants' other claims to be without merit.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the Defendants' motion be, and the same hereby is, DENIED.

DONE and ORDERED.

---

**2.** The statute by its terms applies to "civil actions commenced on or after the date of the enactment of this Act", which was December 1, 1990. *See* Pub.L. 101–650. This action was initiated on February 6, 1991.

The Eleventh Circuit *Ortega* case, *supra,* was decided on appeal in January of 1991, but clearly was controlled by *Finley,* rather than the statute.