Joseph P. CARLUCCI, Plaintiff,

v.

UNITED STATES of America, Defendant.

UNITED STATES of America, Counterclaimant and Third–Party Plaintiff,

v.

Joseph P. CARLUCCI, Counterclaim Defendant, and

Carmine Magnotta, Third–Party Defendant.

Joseph P. CARLUCCI, Cross-claimant and Third–Party Plaintiff,

v.

Carmine MAGNOTTA, Cross-claim Defendant, and

David Romanello, Janice Spadaro, Mark Parker & Kurt Wittek, Third–Party Defendants.

Carmine MAGNOTTA, Third–Party Counterclaimant,

v.

UNITED STATES of America, Third–Party Counterclaim Defendant.

No. 91 Civ. 3615 (GLG).

United States District Court, S.D. New York.

June 16, 1992.

Cuddy & Feder, White Plains, N.Y. (Stanley E. Bulua, of counsel), for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. by Steven I. Froot, Asst. U.S. Atty., New York City, for defendant.

David L. Orenstein, P.C., White Plains, N.Y. (David L. Orenstein, of counsel), for third-party defendant Magnotta.

Gilbride, Tusa, Last & Spellane, New York City (Eric H. Seltzer, of counsel), for third-party defendant Romanello.

Hannoch Weisman, Roseland, N.J. (Eric Breslin, of counsel), for third-party defendant Spadaro.

## OPINION

GOETTEL, District Judge.

Plaintiff Joseph Carlucci and third-party defendant Carmine Magnotta owned the Davenport Restaurant in Stamford, Connecticut. The Davenport was organized as a corporation; it is alleged that Magnotta and Carlucci were officers and directors of the corporation in addition to being shareholders. In his complaint, Carlucci alleges that Magnotta was responsible for the management and operating of the restaurant, including supervision of David Romanello, who was employed as the full-time manager, and Janice Spadaro, who worked as the full-time bookkeeper. Carlucci further asserts that Romanello and Spadaro were both responsible for the day-to-day operations, that both were signed checks on Davenport's corporate checking account, and that both exercised decisionmaking authority with respect to the payment of Davenport's creditors. According to the amended third-party complaint, in August 1986, Kurt Wittek and Mark Parker contracted to purchase the Davenport from Carlucci and Magnotta. The closing, originally scheduled for mid-September 1986, was delayed so that Parker and Wittek could review the financial records of the restaurant. Despite the delay in transferring ownership, Carlucci claims that Parker and Wittek took over the day-to-day operation and financial management of the restaurant. This complaint also alleges that Kurt Wittek and Mark Parker assumed overall authority and responsibility for directing the operations of Davenport and were authorized to make decisions regarding the payment of creditors. Carlucci disclaims any involvement in the running of Davenport's business or in its financial operations.

The Davenport defaulted on the payment of $58,533.97 in employee F.I.C.A. and federal withholding taxes owed for the quarter ending September 30, 1986 and for part of the quarter ending December 31, 1986. On March 26, 1990, a 100% penalty in the amount of the owed taxes was assessed by the IRS against Carlucci as a "responsible person" of Davenport; the same penalty was assessed against Magnotta on April 4, 1990.

On April 15, 1990, the IRS applied $561.91 from an overpayment of Carlucci's 1989 income taxes towards his penalty assessment. Two days later, Carlucci paid an additional $200 and then filed claims with the IRS for a refund of the money applied to the assessment and for an abatement of the assessment. These claims were denied by the IRS on June 5, 1990.

This action was commenced on May 29, 1991. In his complaint, Carlucci demands a refund of $761.91 and an abatement of the total penalty assessment. The United States counterclaimed for the collection of the penalty and also filed a third-party complaint against Magnotta for collection of the 100% penalty which had also been assessed against him.[1] Magnotta counter-

---

1. Magnotta's claims for a refund and an abatement of the penalty were denied by the IRS and

claimed against the United States. Carlucci then filed an amended third-party complaint asserting contribution claims against Romanello, Spadaro, Parker and Wittek, pursuant to common law theories of contribution. He also cross-claimed, also under a theory of common law contribution, against Magnotta.

## DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

■ Section 6672(a) of the Internal Revenue Code provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). The Government can assess this penalty against more than one person as there is joint and several liability under this statute. *McCray v. United States*, 910 F.2d 1289, 1290 (5th Cir.1990), *cert. denied, sub nom., Scott v. United States*, —— U.S. ——, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991); *Sinder v. United States*, 655 F.2d 729, 732 (6th Cir.1981); *Hartman v. United States*, 538 F.2d 1336, 1340 (8th Cir.1976). It cannot collect the penalty more than once, however, although the statute appears to so permit. *See Gens v. United States*, 222 Ct.Cl. 407, 615 F.2d 1335, 1339 (1980); *Kelly v. Lethert*, 362 F.2d 629, 634 (8th Cir.1966).

■ In his cross-claim and third-party complaint, Carlucci asserts that if he is liable for the penalty assessed against him by the Government, then he should be able to pursue contribution actions against Magnotta, Wittek, Romanello, Spadaro and Parker because they, too, are responsible parties under § 6672 for the payment of taxes

he seeks similar relief in his counterclaim against the United States.

withheld from the wages of Davenport employees. At the suggestion of the United States, we are considering whether this court has subject matter jurisdiction over these claims. *See* Fed.R.Civ.P. 12(h)(3); *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 588 F.2d 24, 27 (2d Cir.1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979). *See also* Fed.R.Civ.P. 12(b)(1).[2] An action must be dismissed, even on the court's own motion, whenever it appears that the court lacks such jurisdiction.

■ The parties agree that there is no federal right to contribution or indemnification under 26 U.S.C. § 6672. *See, e.g., Sinder v. United States*, 655 F.2d at 731; *Seachrist v. Riggs*, 91–1 U.S.T.C. P 50, 019, 1990 WL 260538 (N.D. West Va.1990); *Rebelle v. United States*, 588 F.Supp. 49, 51 (M.D. La.1985); *DiBenedetto v. United States*, 75–1 U.S.T.C. P 9503, 1974 WL 791 (D.R.I.1974). Carlucci contends, however, that there is a state right to contribution under Connecticut law, which governs this case, *see Swift v. Levesque*, 614 F.Supp. 172, 177–78 (D.Conn.1985), and that he may assert this claim in this action under the doctrine of supplemental jurisdiction. The first question to be resolved, however, is whether this court should take jurisdiction over such a claim, assuming it exists.

Under 28 U.S.C. § 1367(a), after December 1, 1990, the district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." This new statute codifies the doctrines of ancillary and pendent jurisdiction, in addition to permitting pendent party jurisdiction, which had been rejected by the Supreme Court in 1989. *See Finley v.*

2. Magnotta, Spadaro and Romanello are moving to dismiss the third party complaint on the grounds that this court lacks subject matter jurisdiction.

*United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

Under § 1367(a), state and federal claims form one case or controversy when they derive from a common nucleus of operative facts or when both claims would normally be expected to be tried in a single judicial proceeding. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Sinclair v. Soniform, Inc.,* 935 F.2d 599, 603 (3d Cir. 1991); *McCray v. Holt,* 777 F.Supp. 945, 948 (S.D.Fla.1991). In general, when either condition was satisfied, the court's exercise of supplemental jurisdiction, although not automatic, would be a favored and normal course of action. *Estate of Bruce v. City of Middletown,* 781 F.Supp. 1013, 1016 (S.D.N.Y.1992) (citing *Promisel v. First American Artificial Flowers,* 943 F.2d 251, 254 (2d Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992)).

Carlucci argues that the various claims he is asserting more than satisfy the demands of § 1367(a), mandating our taking jurisdiction. The original action raises the question of whether Carlucci was a responsible person who acted willfully within the meaning of 26 U.S.C. § 6672. In that action, the United States is also suing to enforce the assessment against Magnotta, claiming that he is also a responsible party within the meaning of § 6672. Carlucci's cross-claim and third-party complaints seek contribution from Magnotta and the other defendants on the grounds that they were responsible persons. The claims arise out of a common event: someone's failure to pay the employee payroll taxes at the Davenport Restaurant. Moreover, these are all issues that would normally be expected to be resolved in one forum as it is a well-accepted principle that the federal courts take jurisdiction of contribution claims related to the primary action. Thus, were this not a § 6672 enforcement case, Carlucci would expect to try his contribution claims along with his original action.

Until the passage of § 1367, it was well established that a state claim for contribution could not be considered at the same time as the Government's § 6672 enforcement claim. *See, e.g., Wright v. United States,* slip op. No. 88–CV–3743 (TCP) (E.D.N.Y.1992) [found at 1992 WL 16308]; *Cook v. United States,* 765 F.Supp. 217, 220 (M.D.Pa.1991); *Schoot v. United States,* 664 F.Supp. 293, 298 (N.D.Ill.1987); *Swift v. Levesque,* 614 F.Supp. at 177. The desire to avoid complicating tax collection proceedings was consistently the primary justification for the rule that a state claim for contribution could not be considered at the same time as the Government's § 6672 enforcement claim.

■ The primary purpose of § 6672 is to "ensur[e] that the tax which is unquestionably owed the Government is paid." *Feist v. United States,* 221 Ct.Cl. 531, 607 F.2d 954, 957 (1979); *Botta v. Scanlon,* 314 F.2d 392, 393 (2d Cir.1963); *Cook v. United States,* 765 F.Supp. at 219. In essence, § 6672 is a collection device. *Swift v. Levesque,* 614 F.Supp. at 177; *accord Cook,* 765 F.Supp. at 219; *see United States v. Sotelo,* 436 U.S. 268, 271, 98 S.Ct. 1795, 1798, 56 L.Ed.2d 275 (1978). Indeed, "the existence of other responsible persons does not affect or preclude recovery of a § 6672 penalty in the amount of the entire tax owed from one of the persons responsible for a corporation's payment of withholding taxes." *Brown v. United States,* 591 F.2d 1136, 1142 (5th Cir.1979).

Plaintiff acknowledges that his attempt to seek contribution from the various third-party defendants in this action would be barred by this vast precedent. He suggests, however, that these cases, in so far as they hold that a state contribution claim may not be brought during the pendency of a § 6672 action, have been overruled by 28 U.S.C. § 1367. We have given this very careful consideration and have decided that is not so.

The grant of supplemental jurisdiction is not absolute but is instead vested in the sound discretion of the court. *See* 28 U.S.C. § 1367(c). In particular, the district court may decline to exercise jurisdiction over a claim under subsection (1) if "in exceptional circumstances, there are other compelling reasons for declining jurisdic-

tion." We believe that there are such reasons here.

First, permitting these various third party actions to continue during the pendency of the Government's § 6672 proceedings against Carlucci and Magnotta would interfere with the efficient collection of the taxes owed on behalf of the Davenport employees because it would simply prolong and complicate the proceedings. In the enforcement proceedings against Carlucci and Magnotta, the proof will focus on whether they were responsible persons under § 6672 and will not address the issue of others' culpability.[3] The cross-claim and third-party complaint introduce a new theory, common-law contribution, which means that evidence will be heard, not only about the roles of four other people, namely Spadaro, Romanello, Wittek and Parker, but about everyone's relative responsibilities so that the jury can make comparative judgments. This will unduly complicate and prolong matters.

Second, the court's declining to decide the contribution actions will not prejudice Carlucci as he may bring his contribution action after the resolution of this action. *See Foster v. Board of Trustees of Butler Cty. College,* 771 F.Supp. 1118, 1122 (D.Kan.1991); *Swift v. Levesque,* 614 F.Supp. at 173.

Finally, the judiciary is charged with the duty to promote, not undermine, the goals of Congress as manifested in the public laws of the United States. In recognition of this policy, it has been a long-standing rule among the federal courts that contribution actions should not be heard during the pendency of a § 6672 because those claims would inappropriately prolong and complicate a tax collection proceeding.[4] *See Schoot,* 664 F.Supp. at 298 and n. 4; *Swift v. Levesque,* 614 F.Supp. at 177. Indeed, those few courts who have recognized a state right of contribution under § 6672, have always insisted that it be raised in a proceeding separate from the enforcement action in order to keep the government's action uncomplicated. *Schoot,* 664 F.Supp. at 298.

We do not see that the passage of § 1367 nullifies, in any way, those considerations which animated these pre-§ 1367 collection cases. It is true that § 1367 overruled those cases which barred pendent party actions. *See, e.g., Bruce v. Middletown,* 781 F.Supp. at 1015; *McCray v. Holt,* 777 F.Supp. 945 (allowing spouses to assert loss of consortium claims in § 1983 action brought by plaintiffs).[5] However, the common law doctrines of ancillary and pendent jurisdiction existed while those § 6672 cases were being decided and uniformly the

---

**3.** Several of the factors to be considered will be 1) the contents of the bylaws of the corporation; 2) the ability to sign checks on the corporate bank account; 3) the identity of the individual signing the company's tax return; 4) the identity of corporate officers, directors, and principal shareholders; 5) the identity of individual having the power to hire and fire; 6) the identity of the individual who was in control of the firm's financial affairs and 7) the degree of control over the disbursement of funds exercised by the defendant. *See Hochstein v. United States,* 900 F.2d 543, 547 (2d Cir.1990).

**4.** Taxes withheld from employees' wages are deemed to be a "special fund in trust for the United States." 26 U.S.C. § 7501(a); *see Slodov v. United States,* 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978). To collect these funds, Congress intended that the full range of collection methods available for the collection of taxes generally could be used by the IRS, *id.,* in addition to subjecting responsible persons liable for a penalty equal to the amount of the delinquent taxes. 26 U.S.C. § 6672.

**5.** Indeed, Carlucci maintains that this expansion of jurisdiction has also swept into the realm of the federal courts all pendent actions which were barred by the courts because allowing such actions violated Congressional policy. *See Arnold v. Kimberly Quality Care Nursing Service,* 762 F.Supp. 1182 (M.D.Pa.1991) (loss of consortium action by plaintiff's spouse allowed although such actions were not permitted under Title VII prior to the passage of § 1367); *Rosen v. Chang,* 758 F.Supp. 799 (D.R.I.1991) (allowing plaintiff, through supplemental jurisdiction, to pursue state claim based on respondeat superior under § 1983 although such actions were not allowed prior to § 1367's passage). The cases cited by him for this proposition do not apply to this case. *Arnold* clearly states that it was relying on an earlier case which held that hearing a pendent state claim in a Title VII action would not complicate the case at bar. The *Rosen* court determined that there were no compelling circumstances which would motivate it to decline jurisdiction. Thus, neither case conflicts with our determination that there are compelling reasons in a § 6672 case to decline jurisdiction.

courts declined to exercise their discretion to take jurisdiction of the contribution claims that were asserted. "The practice and procedures developed over the years to test the validity of a § 6672 assessment were not and are not designed for and should not be complicated by, collateral litigation that may be instituted by and between various persons who may be determined to be 'responsible persons' in a particular case." *Moats v. United States*, 564 F.Supp. 1330, 1341–42 (W.D.Mo.1983), *aff'd sub nom, United States v. O'Crowley*, 786 F.2d 1171 (8th Cir.1986); *accord Schoot v. United States*, 664 F.Supp. at 294. In short, jurisdiction over contribution actions was always declined because it unnecessarily cluttered a collection proceeding.

The reasons for declining jurisdiction over the contribution claims of Magnotta and Carlucci are as compelling today as they were prior to the passage of § 1367. We see no reason to depart from the established rule that if a state action of contribution is permitted under § 6672, a proposition about which we express no opinion, then it must be asserted in a separate proceeding. For the reasons discussed under § 6672, we do not find that we have jurisdiction over the contribution actions.[6] There is no need, therefore, to address the question of whether a state cause of action for contribution exists under 26 U.S.C. § 6672.

## CONCLUSION

The following matters are dismissed without prejudice to their renewal: the cross-claim by Carlucci against Magnotta and the third-party action by Carlucci against Romanello, Spadaro, Parker and Wittek.

This case will be added to the July trial calendar.

SO ORDERED.

---

[6]. An alternative ground for declining jurisdiction is the fact that the state claims will predominate over the federal issue. 28 U.S.C. § 1367(c)(2). As discussed above, the proof adduced in the contribution claims will be necessarily more complicated than that supporting the enforcement proceeding. Moreover, the determinations to be made by the jury in the state matter are more difficult. It is our belief that the contribution action would dominate this proceeding and should not, therefore, be heard in conjunction with the § 6672 enforcement proceedings against Magnotta and Carlucci.