**Jurgen RINGER, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

v.

**Robert E. WILLIAMS, Defendant on Counterclaim.**

Civ. No. 3:93–CV–0391–H.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 20, 1993.

---

---

Howard A. Winberger, Dallas, TX, for plaintiff.

Cynthia E. Messersmith, U.S. Dept. of Energy, Tax Div., Dallas, TX, for defendant.

Andrea Winters, Dallas, TX, for Williams, counter-defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Defendant on Counterclaim's Motion for Leave to File Amended Answer and Join Additional Party, filed September 17, 1993; and Defendant's Opposition thereto, filed September 29, 1993.

### I. BACKGROUND

At issue in this case are the unpaid payroll taxes relating to the A–1 Car Rental Agency, Inc., for fiscal quarters in 1982, and the unpaid trust fund taxes relating to Denture Centres of America for fiscal quarters in 1981–83. Pursuant to 26 U.S.C. § 6672[1], the Internal Revenue Service ("IRS") assessed penalties against Jurgen Ringer, Plaintiff, based on the unpaid taxes described above. In making the assessments, the IRS alleged that Plaintiff is a party responsible for col-

---

1. Section 6672 provides, in relevant part:
(a) Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

lecting and paying over the unpaid taxes, and that Plaintiff willfully failed to do so. The IRS made identical assessments against Robert E. Williams, Defendant on Counterclaim ("Williams" or "Third–Party Defendant").[2]

Plaintiff paid a portion of the assessments, and, on February 25, 1993, Plaintiff filed this suit demanding a refund of the portion of the assessments which he paid. *See USLIFE Title Ins. Co. v. Harbison,* 784 F.2d 1238, 1243 (5th Cir.1986) ("A person whom the IRS determines to be responsible has two years from the date she pays the tax in which to file for a refund and thereby challenge her liability."). On April 21, 1993, the government filed a timely answer, and, on June 21, 1993, the government moved to join Williams and to counterclaim against Plaintiff and Williams. The government claims that both Plaintiff and Williams are "responsible parties" and that joinder of Williams was necessary to ensure that, should the Court not find Plaintiff to be a responsible party, the IRS would still be able to collect the unpaid taxes and assessments from Williams. The Court granted the government's motion on June 22, 1993. Plaintiff replied to the government's counterclaim on June 25, 1993, and Williams replied to the same on August 19, 1993.

On September 17, 1993, Williams filed his Motion for Leave to File Amended Answer and Join Additional Party. In his Amended Answer, Williams raises a number of affirmative defenses and a counterclaim against the United States. The Court notes that the government, while disputing the merits of these affirmative defenses and the counterclaim, does not oppose the amendment of Third–Party Defendant's Answer to include the defenses and counterclaim. Defendant's Opposition at p. 1, n. 1. The Court **GRANTS** Third–Party Defendant's Motion insofar as to allow Third–Party Defendant to include the affirmative defenses and counterclaims in his Answer.

In his Motion, Williams also requests leave to join a third party, K. Mark Pistorius ("Pistorius"). Williams suggests that Pistorius should ultimately be held responsible for the unpaid taxes. In support of this suggestion, Williams alleges that he transferred funds to Pistorius with the intention that Pistorius would pay the disputed taxes, and that Pistorius failed to pay the taxes.

The government opposes the joinder of Pistorius on jurisdictional grounds. As discussed below, the Court agrees with the government. The Court finds that it lacks subject matter jurisdiction over Williams' claims against Pistorius; Third–Party Defendant's Motion is **DENIED** insofar as it requests leave to join third party Pistorius.

## II. ANALYSIS

Third–Party Defendant asserts that jurisdiction over Pistorius is appropriate under 28 U.S.C. § 1340.[3] *See* Williams' Proposed Amended Answer at p. 5. Third–Party Defendant's claim against Pistorius, however, has nothing to do with federal tax laws. Williams' claim against Pistorius appears to be one of contribution, or, perhaps, theft. Theft is clearly not controlled by the federal tax laws. Further, responsible persons are jointly and severally liable for penalties and unpaid taxes under § 6672, and there is no right to contribution in § 6672 actions. *McCray v. U.S.,* 910 F.2d 1289, 1290 (5th Cir.1990), *cert. denied* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246; *USLIFE,* 784 F.2d at 1243; *Hornsby v. Internal Revenue Service,* 588 F.2d 952 (5th Cir.1979). Hence, there is no jurisdiction under § 1340.

Williams also asserts that his claims against Pistorius arise out of the same transaction or occurrence as the government's claim against Williams. *See* Williams' Proposed Amended Answer at p. 5. From

---

**2.** The IRS is allowed to make identical assessments against multiple parties under § 6672. *McCray v. U.S.,* 910 F.2d 1289, 1290 (5th Cir. 1990), *cert. denied* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991); *USLIFE Ins. Co. v. Harbison,* 784 F.2d 1238 (5th Cir.1986). Responsible persons are held jointly and severally liable for a § 6672 violation. *McCray,* 910 F.2d at 1290; *USLIFE* 784 F.2d at 1243. The IRS is limited, however, to a single collection of a

§ 6672 penalty. *McCray,* 910 F.2d at 1290; *USLIFE* 784 F.2d at 1243.

**3.** Section 1340 provides:
The district shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

Williams' point of view, the common transaction or occurrence is the failure of anybody to pay the unpaid taxes of the A-1 Car Rental Agency and the Denture Centers of America. The Court will treat Williams' assertion as an attempt to invoke supplemental jurisdiction under 28 U.S.C. § 1367.

In approaching this problem, the Court looks to *Carlucci v. U.S.*, 793 F.Supp. 482 (S.D.N.Y.1992). In *Carlucci*, Plaintiff Carlucci attempted to assert a contribution claim against third party defendant Magnotta on the basis that Magnotta was a responsible party under § 6672. In *Carlucci*, the IRS agreed that Magnotta was a responsible party under § 6672. The court found that the contribution claim against Magnotta involved issues "that would normally be expected to be resolved in one forum" because they were part of a common transaction or occurrence. 793 F.Supp. at 485. Despite that fact, the court specifically declined to invoke supplemental jurisdiction, stating:

> First, permitting these various third party actions to continue during the pendency of the Government's § 6672 proceedings against Carlucci and Magnotta would interfere with the efficient collection of the taxes owed on behalf of the Davenport employees because it would simply prolong and complicate the proceedings....
>
> Second, the court's declining to decide the contribution actions will not prejudice Carlucci as he may bring his contribution action after the resolution of this action....
>
> Finally, the judiciary is charged with the duty to promote, not undermine, the goals of Congress as manifested in the public laws of the United States. In recognition of this policy, it has been a longstanding rule among the federal courts that contribution actions should not be heard during the pendency of a § 6672 because those claims would inappropriately prolong and complicate a tax collection proceeding.

*Carlucci v. U.S.*, 793 F.Supp. at 486.

Under the reasoning of *Carlucci*, whether the Court views Williams' claim as one of contribution or of theft, the claim should not be brought in this § 6672 action. Williams' claim will "prolong and complicate" this case, thus frustrating the Congressional goal of efficient tax collection proceedings.

Moreover, in *Carlucci*, the contribution claim was being made by one allegedly responsible party against another responsible party regarding the single act of the nonpayment of the taxes. There was clearly a common occurrence or transaction in *Carlucci*. In the case at hand, however, the IRS does not view Pistorius as a responsible party, and the alleged transaction on which Williams' claim is based occurred a year after the non-payment of taxes. *See* Williams' Motion at p. 6. The strength of the bond between Pistorius' alleged activity and the § 6672 action is not strong enough to constitute a common occurrence.

## III. CONCLUSION

If Williams is found to be a responsible party who willfully failed to pay the disputed taxes, then he will be held jointly and severally liable for the penalties assessed by the IRS under § 6672. If Williams is found to not have been a responsible party, then Williams will incur no liability. Whether or not Williams is found to be a responsible person, Pistorius need not be joined as a party to this case. Third-Party Defendant's Motion is **DENIED** insofar as it attempts to join Pistorius.

Third-Party Defendant's Motion is **GRANTED** in part and **DENIED** in part. Third-Party Defendant is **DIRECTED** to file an Amended Complaint which complies with this Order by *noon, October 29, 1993.*

SO ORDERED.